CAREY MFG. CO. v. MERCHANTS' INS. CO. SAME v. BRITISH AMERICA. ASSUR. CO. SAME v. WESTERN ASSUR. CO.

(Supreme Court, Special Term, New York County. October, 1898.)

FIRE INSURANCE—REFORMATION OF POLICIES—MUTUAL MISTAKE.

Insured, in removing his business to other premises, made application for a change of the risk, and obtained the issuance of a "binder" by the agent of the insurance companies, which contained a memorandum of the matter to be embodied in new policies, and provided that the existing insurance should cover both the premises "during removal." The policies thereafter issued in place of the binder, which thereupon became void, contained a limitation of 10 days during which the insurance was to attach to both premises. A fire having occurred in the vacated premises during removal, but after said 10 days, insured sought to reform the policies on the ground of a mutual mistake in inserting the limitation. The premiums under the new policies were less than before the removal, and the 10-day limit was indorsed as a part of the clause giving the privilege of removal, by the use of a rubber stamp. The agent testified the company always indorsed such policies in that manner. *Held* not to show a mutual mistake.

Separate actions by the Carey Manufacturing Company against the Merchants' Insurance Company and other insurance companies to

reform policies for alleged mutual mistakes.     Judgment for defendant in each case.

Wilson & Bennett, for plaintiff.
John Notman and Michael H. Cardozo, for defendants.


BISCHOFF, J.     Plaintiff held policies of fire insurance, issued by the defendant companies, covering its stock and machinery upon the premises occupied by it in Elm street; and, desiring to remove its business to premises in Roosevelt street, negotiations were entered into by it for a transfer of the insurance to cover the latter premises. Application for the change of the risk was made to the firm of Delesdeniers & Cluff, an agency for the several defendants, and, in the usual course of business, a slip, or "binder," was issued by this firm to the plaintiff, containing a memorandum of the matter to be embodied in new policies, according to which "binder" the existing insurance was to cover both the Elm street and the Roosevelt street premises "during removal."     The policies were thereafter issued, and the binder, as an existing contract, became void, by its terms; but, upon examination at some subsequent date, the plaintiff discovered that the policies contained a limitation of 10 days, during which the insurance was to attach to both buildings, for the purposes of the removal; and a fire having occurred at the Elm street building, during removal, but after 10 days, these actions are brought to reform the policies upon the ground that, through a mutual mistake, this limitation was inserted in the policies, with the result that the contract evidenced by these documents was not the contract which the parties intended to make upon the basis of the binder, the period for removal having been left indefinite by the latter paper.

It is true, as contended by the plaintiff, that this "binder," pending the issuance of the policy, was an enforceable contract of insurance; and it is also true that the terms stated in such a paper are to be given much significance, in an action to reform the policy, as showing what the intention of the parties actually was; but it by no means follows that a mutual mistake is to be predicated upon every instance of a divergence of a policy from the exact phraseology of the "binder," for, if this were the situation, the policy might as well be dispensed with altogether.     The probabilities must control, and, tested by the probabilities, the plaintiff's case must fail upon the proof submitted.     It is perfectly clear that the measure of the risk was affected by the length of time allowed to the plaintiff for the removal of his goods, since, for that time, there was a double risk, and the insurer could not properly be expected to fix the premium with any degree of certainty unless some limit for the removal was fixed.     That the binding slip contained no limitation as to this is not significant to the question of the insurer's intent, since, by the issuance of the policy, the latter had the power to limit the effect of this indefinite provision through the complete cancellation of the binding slip itself, which fixed the measure of liability pending the delivery of the policy, and for no greater time.     These actions are not in the nature of suits for specific performance, but rest solely upon the proposition

·that the defendants inserted these provisions for limitation by mistake; and I am led to the conclusion that this mistake, which the plaintiff, to succeed, must prove, is a fact which cannot be inferred from the circumstances of the case as detailed.

The premiums were fixed, and a rebate paid to the plaintiff, as upon a diminution of the risk consequent upon the removal; and this fact has a bearing upon the probability of the defendants' continuance of a double risk while that removal was in process of completion. Further, we have the fact that this time limit was indorsed as a part of the clause giving the privilege of removal, with insurance, the whole being imposed by the use of a rubber stamp, showing the general understanding of the insurer in such cases; and from the plaintiff's evidence it appears that defendants' agent, Cluff, stated that they always indorsed such policies in that manner. The statements of this individual, from which it might be inferred that he recognized some hardship in the plaintiff's case, when taken with his attitude generally, might be viewed as a recognition of the fact that the plaintiff had been led to mistake the defendants' intention; but fraud is not in the case, and, as I have said, there is not sufficient proof of a mutual mistake. Judgment for defendant in each action, for dismissal of the complaint, with costs.

Complaints dismissed, with costs.