(42 App. Div. 201.)

CARY MFG. CO. v. MERCHANTS' INS. CO.    SAME v. BRITISH AMERICA ASSUR. CO.    SAME v. WESTERN ASSUR. CO.

(Supreme Court, Appellate Division, First Department.    June 30, 1899.)

INSURANCE—REFORM OF POLICIES TO COVER REMOVAL.
In an action to reform insurance policies and indorsements thereon on the ground of mutual mistake, and to recover for a loss sustained after the time limited in a removal clause, the evidence showed that plaintiff, intending to remove its business, applied, by agent, to defendants to have a removal clause indorsed on the policies; that plaintiff's agent prepared a form of indorsement without a time limit, and told defendant's agents to use it, to which defendant's agent replied, "All right."    The indorsements made on the policies contained a time limit according to underwriters' rules.    The policies with such indorsements were returned to and accepted by plaintiff's agent, and then received by plaintiff without objection.    Held, that the evidence failed to show such a mistake as would entitle plaintiff to any relief.

Appeal from special term, New York county.
Three actions by Cary Manufacturing Company,—one against Merchants' Insurance Company, one against British America Assurance Company, and one against Western Assurance Company.    From a

judgment for defendants dismissing the complaints (54 N. Y. Supp. 398), plaintiff appeals.     Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

James L. Bennett, for appellant.
John Notman, for respondents.

PATTERSON, J.    Each of these actions was brought to reform a policy of fire insurance and indorsements thereon, and to recover for a loss sustained by the plaintiff, the assured, and which it claims would fall within the terms and conditions of the policy if and when reformed.    The three actions involve the same subject of inquiry, and are presented substantially upon the same proof as against each underwriter.    At the trial, the complaints were dismissed, apparently on the ground of the insufficiency of the plaintiff's proof.    Upon the facts disclosed in the records, no other disposition of the causes would have been justified.    The court was called upon by the plaintiff to make an entirely new contract between the parties, and to devolve upon the underwriters a liability not provided for nor contemplated in the written contracts of insurance delivered to and accepted by the plaintiff.    It is elementary learning that, in order to justify a decree for the reformation of a contract, it must appear by clear and convincing proof that there was a mutual mistake of the parties as to some material provision of that contract, or mistake of one party and fraud of the other.    The complaints in these actions are upon allegations of mutual mistake.    On the trial an effort was made by the plaintiff to have the pleadings amended so as to set up fraud of the defendants, but the court very properly denied the application for an amendment.

That there was no sufficient proof of mutual mistake of the parties, such as is alleged in the complaints in these actions, is very plain.    The whole testimony tends to establish the fact that the plaintiff's brokers, through whom the insurance was effected, thoroughly understood that the policies were to apply to the assured property in precisely the form and under the very terms and conditions in which those policies and indorsements existed on the day the plaintiff's loss was sustained.    A brief review of the facts will show the correctness of the ruling of the court below.    In February, 1897, the plaintiff had a stock of goods and machinery in premises situate on Elm street, in the city of New York, at which place their business was then conducted.    These defendants and certain other underwriters had issued to the plaintiff policies of insurance in the standard form, covering property on and in those premises.    All the insurance had been procured for the plaintiff by a firm of insurance brokers employed by it, of which firm Mr. Hegeman was a member, and the policies were intrusted to those brokers.    On or about the 4th of March, 1897, the plaintiff, intending to remove its place of business from Elm street to Roosevelt street, applied to the underwriters, through its same brokers, to have an indorsement made upon the policies of insurance, so that such policies would cover the property insured in both

places during the period of removal, and in Roosevelt street after re-moval. The defendants' business was conducted in the city of New York by agents, and the policies and contracts of insurance were made on behalf of the defendants by and through such agents. The par-ticular transaction, the subject of the present inquiry, was conducted on behalf of the plaintiff by Mr. Hegeman. On the 4th of March, 1897, Mr. Hegeman applied to the defendants' agents for an indorse-ment on the policies. He had prepared a form in the following words:

"This policy is hereby transferred to cover in the brick and stone building situate 19, 21 Roosevelt street, New York City, and to cover pro rata in both places [referring to Elm street] during removal. $——— at ——— months from ———, 189–. We, the undersigned, accept the above-specified insurance for the amounts as mentioned below as per forms herewith, or to be delivered, and make the same binding from the date as given, subject to the terms and conditions of the standard form of policy of the states of New York, New Jer-sey, and Pennsylvania, etc. This binder to be void on delivery of policy."

Mr. Hegeman testifies that he presented to the defendants' agents the binder in the foregoing form for each of the three policies in suit. Thereupon he had a conversation with Mr. Van Buskirk, representing the defendants' agents, and told him that the assured desired to have that form of the binder indorsed on the policies, to which the reply was: "Well, all right. Leave it, and simply sign the binder as a receipt for the delivery of the policies." There was no conversation about a time limit, although something might have been said about the change in the rate of premium. The binder was signed by Van Buskirk, and handed to Hegeman. A few days thereafter the defend-ants' agents returned the policies to the plaintiff's brokers with an indorsement thereupon dated March 4, 1897, in the exact words of the binder, except that after the words, "to cover in both places pro rata during removal," were added the words, "for a time not exceeding ten days from date"; the indorsement on the policies thus differing from the binder in making a limitation of time, instead of an in-definite period, during which the removal clause should be in force, and the reformation of the contract asked for is to expunge the time limit. A loss occurred after the 10-days limit had expired. Evi-dently the risk upon property in the Roosevelt street building was less hazardous than that upon such property in the Elm street premises, and consequently a reduction of premium was allowed by the under-writers when the indorsements on the policies were made. The policies, with the indorsements as made upon them, were returned to, and not only were they accepted by the plaintiff's brokers, but they seem to have come into the possession of the president of the plaintiff. The amount of the reduction of premium was paid or credited by the underwriters to the plaintiff's brokers, and the completed transaction, therefore, at least so far as the underwriters are concerned, stood upon the acceptance by the plaintiff's authorized agents of the indorse-ment as a contract superseding the binder, and in the shape and form in which it was written upon the several policies. The time limit was made in accordance with the invariable rule of the underwriters, and it would appear from the evidence that the plaintiff acquiesced in the terms of insurance with the time limit, for, after the loss occurred,

the plaintiff's president, in his proofs of loss furnished to other under-writers upon the same property, made no mention of the policies of these three defendants in the statement of other or contributing insurance upon the property. Upon these leading facts it cannot be held that there was a mutual mistake of the parties with respect to the time limit made in the indorsement on the policies, and the justice at special term would not have been justified, on the proofs, in imposing upon the defendants a liability not coming within the terms of their contract of indemnity.

The judgments appealed from must be affirmed, with costs in each case. All concur.