KENYON PAPER COMPANY, Appellant, *v.* THE NEDERLANDSCHE LLOYDS, Respondent, Impleaded with FRANCIS H. GATES, Defendant.

First Department, March 6, 1908.

**Fire insurance — action to reform policy — acts not showing meeting of minds on agreement to renew prior policy.**

Where on applying for the renewal of a fire insurance policy the applicant is requested to make a statement of the amount of outstanding insurance held in other companies and in compliance therewith states that it carries $10,000 in the Home Company, and the insurer thereupon notifies the insured that its risks are covered with the following warranty "Home, $10,000," and thereafter a policy is issued stating that the amount warranted as held by the above-named company is $10,000, the insured is not entitled to have the policy reformed by striking out the warranty although it did not appear in the original policy, for under the circumstances there was no meeting of the minds upon an agreement to renew the former policy on its original terms.

Although where there is an actual agreement to renew an insurance policy the court will reform it if it contains new terms at variance with the policy to be renewed, yet the theory upon which such relief is given is that there has been a mutual mistake or some implied fraud on the part of the insurer.

· APPEAL by the plaintiff, the Kenyon Paper Company, from a judgment of the Supreme Court in favor of the defendant, The Nederlandsche Lloyds, entered in the office of the clerk of the county of New York on the 26th day of March, 1907, upon the decision of the court rendered after a trial at the New York Special Term.

*Frederick E. Fishel,* for the appellant.

*Everett P. Wheeler,* for the respondent.

Judgment affirmed, with costs, on opinion in the court below.

Present — PATTERSON, P. J., McLAUGHLIN, LAUGHLIN, HOUGHTON and SCOTT, JJ.

The following is the opinion of the court below:

BISCHOFF, J. :

In the month of March, 1902, the defendant, a corporation doing business in Holland, issued a policy of fire insurance upon certain machinery and stock of the plaintiff at Baldwinsville, N. Y. When this policy was about to expire in February, 1903, application for a renewal was made upon blanks furnished to the plaintiff by Messrs. Pollock & Cortis, a firm of insurance agents or brokers in New York city who were correspondents with the defendant. On receipt of this application, Pollock & Cortis wrote the plaintiff's agent, requesting a statement of the amount of outstanding insurance upon the same property in other companies, and the names of the companies, with which request the plaintiff's agent complied, the statement being made that, among other companies named, the Home Insurance Company carried $10,000 on the risk. The application imported some change in the description of the property to be covered, and a reduction of the premium to conform to the then existing rate was suggested by an accompanying letter from the plaintiff's agent. Thereafter on March 10, 1903, Pollock & Cortis sent, and the plaintiff's agent received, a binding slip, as follows: " We beg to notify you that our cable code indicates that you are covered under our foreign contracts to the amount of $10,000 on risk of Kenyon Paper Co. on machinery and stock as per form attached to application, and situate Baldwinsville, N. Y. Placed in Dutch underwriters. With the following warrantee, Home $10,000." Some days later the policy was delivered to the plaintiff but the instrument was not scrutinized, and after a loss by fire in the succeeding month of June it was discovered that the policy contained the following clause stamped upon it in small type : " It is understood and agreed that the amount warranted by the policy or policies of the above named company " (referring to the Home Insurance Company, named in the preceding clause), " covering on the identical form is $10,000." Admittedly, the amount covered by the Home Insurance Company was very much less than $10,000, and if the clause in question was properly in the policy the defendant has a valid defense to any claim by the insured. Alleging that this clause was inserted through mistake, or that with its inclusion the policy did not express the actual agreement of the parties, the plaintiff seeks judgment for a reformation of the policy

by striking out the clause and for the enforcement of the instrument as reformed. As I view the case no ground for a reformation is presented. Fraud — that is, actual deceit — is not suggested, and the ground of the action is that the parties had agreed upon a strict renewal of the old insurance upon the identical terms and conditions; hence, that a policy which differed from these terms and conditions did not express the real agreement and should be reformed. Where an actual agreement for a renewal is entered into, it is held that a policy which expresses new terms at variance with the policy deemed to be renewed may be reformed (*Hay* v. *Star Fire Ins. Co.*, 77 N. Y. 235), the theory being as is to be gathered from the discussion of that case in the reported opinion, that there was inferentially a mutual mistake, or some implied fraud on the part of the insurer, or, as might be suggested, that the relief by way of reformation is in the nature of a decree for specific performance to carry the real agreement into effect. As I have noted, there is no charge of active fraud in the present case, nor was there any mutuality of mistake, for the defendant intended the policy to be precisely as it was framed, yet the elements of mistake or fraud were equally absent from the case above cited, and if the proof before me sufficed to establish a contract for a renewal of the old insurance, the plaintiff's case would be within that authority. But there was no meeting of the minds upon an agreement for a renewal. The plaintiff's application to renew the old insurance was but an offer which amounted to nothing unless accepted and there was no word or sign from the defendant, or from Pollock & Cortis (assuming their agency to charge the defendant), until the binding slip was sent to the plaintiff, or to its agent. This paper was of itself a sufficient indication that a new term was to be incorporated in the policy; certainly it evidenced no acceptance of the plaintiff's application without the warranty that $10,000 insurance was covered by the Home Insurance Company. Non-acceptance of this term — a new term proposed by the defendant — meant that there was no contract of insurance at all, because the defendant had not accepted the application, but if there was any meeting of the minds upon a proposal for insurance, the warranty was certainly incorporated. Thus, quite unlike the case of *Hay* v. *Star Fire Ins. Co.* (*supra*), where there was an acceptance

of the application for a "renewal" without more, the present case is one where the policy conformed to the preliminary agreement, if any agreement existed, and if there were no preliminary agreement, the relations of the parties arose only from the delivery of a policy which the plaintiff accepted, a situation which does not concern a court of equity. To grant the prayer of this complaint would call upon the court to make an agreement for the parties which the defendant never intended, and which the plaintiff was not led by the defendant to assume was intended. (*Carey Mfg. Co. v. Merchants' Ins. Co.*, 25 Misc. Rep. 18; 42 App. Div. 201.) There should be judgment for the defendant, with costs.