In Equity.

ROSY POTTER *vs.* WILLIAM H. FRANK et als.

Cumberland.    Opinion November 27, 1909.

*Reformation of Instruments.    Burden of Proof.    Mutual Mistake.    Evidence.*
*Revised Statutes, chapter 82, sections 4, 14, 65.*

The burden is on one suing to reform an instrument to show that, when
altered, it will correctly show the actual intention of both parties.

Evidence in a suit to reform a constable's bond for omission of seals from
the signatures *held* insufficient to show that the seals were omitted through
mutual mistake.

To constitute a "mutual mistake" so as to authorize reformation of an
instrument, the minds of the parties must meet in a common intent.

In equity.    On appeal and exceptions by plaintiff.    Appeal
dismissed.    Exceptions not considered.

Bill in equity brought by the plaintiff, Rosy Potter, against
William H. Frank, Winfield R. Frank and John Massure, and the
Inhabitants of the City of Portland, praying that "a certain written
and printed instrument purporting to be a constable's bond of the
said William H. Frank to the Inhabitants of the City of Portland,
for the municipal year 1907, be completed and reformed in accord-
ance with the mutual intent of the parties thereto by seals being
affixed upon said written and printed instrument, and at the right
of and opposite the signatures of the said William H. Frank,
Winfield R. Frank and John Massure, the said William H. Frank
being described in said written and printed instrument as the princi-
pal, and the said Winfield R. Frank and John Massure as sureties,"
and that "the court order the said William H. Frank, Winfield R.
Frank and John Massure, and each of them, to affix to said written
and printed instrument, at the right of and opposite their respective
signatures their respective seals."

The cause was heard on bill, answers with demurrer inserted
therein, and evidence, by the Justice of the first instance who, after

hearing, filed a decree dismissing the bill and thereupon the plaintiff appealed to the Law Court and also excepted to several rulings made during the hearing.

The case is stated in the opinion.

*Frank H. Haskell,* and *Charles E. Perkins,* for plaintiff.

*John B. Kehoe, Robert Treat Whitehouse,* and *Emery G. Wilson,* for defendants.

SITTING :   SAVAGE, SPEAR, CORNISH, KING, JJ.

SPEAR, J.   This is a bill in equity by the plaintiff, as a judgment creditor of William H. Frank, for an erroneous attachment and seizure made by him, while acting as constable of the city of Portland, of certain goods and chattels as the property of the planitiff's husband, but claimed to be the property of the plaintiff, herself, brought against William H. Frank, Winfield R. Frank, John Massure, and the inhabitants of the city of Portland, seeking to reform a certain written instrument purporting to be a constable's bond given by the defendant William H. Frank to the city of Portland, for the municipal year 1907, by compelling the defendant William H. Frank as principal and Winfield R. Frank and John Massure as sureties upon said instrument, to affix seals thereto opposite their signatures, which seals it is alleged were omitted by mutual mistake between the defendant William H. Frank and his sureties on the one hand and the city of Portland on the other; such reformation being desired by the plaintiff in order to render the instrument a technical, statutory bond and to enable her to bring suit upon it against the defendant William H. Frank and his sureties under the provisions of Revised Statutes, chapter 82, sections 14 and 65, for the purpose of satisfying the amount due on her said judgment.

The defendant, William H. Frank, was in December, 1906, elected constable of the city of Portland for the municipal year 1907.   The principal duties, however, performed by him were the collection of taxes, and the service of warrants for that purpose. After his election he received from the city treasurer and collector's

office an instrument in writing purporting to be a constable's bond conditioned that, "whereas the said William H. Frank had been chosen constable for the city of Portland for the year 1907, if said William H. Frank shall well and faithfully perform all the duties of said office as to all processes by him served or executed, then this obligation shall be void." For the purpose of qualifying himself for the performance of his duties he took the instrument to Winfield R. Frank and John Massure and requested them to sign it as sureties to enable him to collect taxes. They agreed to do so as they state for the purpose of enabling him to collect taxes which they understood to be his business. But it is immaterial in this case for what purpose they thought the bond was executed. No seals were ever affixed to the instrument by them or any one else, and it bears no seal at the present time. Neither the principal nor the sureties noticed the fact that there were no seals upon the instrument though it contained the printed words "Signed, sealed and delivered in the presence of" upon it. They stated, however, that they did not read these words nor were they aware of their existence on the document and that they would have signed the instrument just the same, whether sealed or unsealed, as they did not know that seals were required upon a bond executed for the purpose of qualifying him to perform the duties of a tax collector.

The bond thus prepared was presented to the aldermen of the city of Portland for approval as prescribed by R. S., chapter 82, section 4. Nine aldermen therefore endorsed the instrument under the words, "We hereby approve the sum and sureties of the within bond." None of the aldermen when they affixed their names to the instrument observed the absence of seals upon it, but six of them state they would not have endorsed it had they noticed it was not sealed while two of them said they should have signed their names just the same, since they had no knowledge as to whether seals were required or not.

A careful consideration of the evidence in this case impels the conclusion that its decision turns upon the question of fact, "Was there a mutual mistake?" The plaintiff does not seek a rescinding of the contract nor an enforcement of it for any purpose, but for the

altering of its terms.   In order to prevail, it is incumbent upon her to prove by convincing evidence that the instrument when altered will correctly speak the actual intention of both parties to it and thereby perfect and establish their real agreement.   In other words, she must clearly show that both the sureties upon this bond, and the municipal officers in approving the sureties, actually intended as a matter of fact and a matter of law to execute and approve the precise instrument that this bond would have been, if it had impressed upon it the required seals.   The sitting Justice found that the evidence did not establish a mutual mistake of the parties and ruled as a matter of law that the plaintiff was not entitled to the relief sought in her bill.   We think the finding of the sitting Justice must be sustained.   The evidence tending to prove a mutual mistake does not meet the requirements of that high degree of proof necessary to establish the facts in this class of cases.

Not only is the evidence insufficient to overcome the finding of the sitting Justice but seems to us rather preponderates in favor of his conclusions.   Whatever seven of the nine aldermen may have thought, the testimony of the respondents clearly indicate that they neither knew nor cared, whether the law required the instrument which they signed, in order to make it effective, should be sealed or not.   They were entirely ignorant of the law.   It therefore does not appear that they ever intended to sign a sealed instrument. They undoubtedly thought they were signing a document that would qualify the defendant, William H. Frank, for the discharge of his duties, but whether that document should be sealed or unsealed, as a matter of law, they had no knowledge.   The mistake then could not be mutual, as the minds of the parties to the instrument did not meet in a common intent.

This decision of the case renders it unnecessary to consider the exceptions and the other points raised.

*Appeal dismissed.   Decree of sitting Justice*
*affirmed with one bill of costs.*