MORRIS SALOMON, Respondent, *v.* NORTH BRITISH AND MERCANTILE INSURANCE COMPANY OF NEW YORK, Appellant.

Contract — reformation — mistake — court of equity will reform contract for mistake, in the absence of fraud, only when made by both parties — action to reform policy of fire insurance.

1. The courts cannot compel a party to enter into or be bound by a contract which it never made.  The mistake which will permit a court of equity to reform a contract in writing in the absence of fraud must be one made by both parties to the agreement so that the intentions of neither are expressed in it.  The mistake or each mistake must be shared in by both parties.

2. The plaintiff, as assignee of a certain mortgage, received a policy of fire insurance, issued by defendant, insuring the owners of the premises and the former mortgagees against loss.  He gave the policy to his brokers or agents with instructions to have the defendant make the loss, if any, payable to him as mortgagee.  They wrote on the back of the policy that it should be changed so as to provide "interest vested in Morris Salomon, loss payable as heretofore," and with no other instructions left it with an agent of defendant.  An indorsement was made on the inside of it which

read that the interest in the policy was vested in Morris Salomon, as owner, the loss, if any, payable as before, that is, to the former mortgagees, and the policy returned to the plaintiff. In an action, brought after a loss had occurred, to reform such policy so that it shall provide that the loss, if any, shall be payable to the plaintiff, as mortgagee, *held,* that there is no basis for a finding of mutual mistake; that the defendant did precisely what it intended and was instructed to do. It undertook and apprehended accurately and fully the instruction and direction given it and acted in strict conformity with them. The plaintiff was bound to prove that it was the intention of the defendant as well as of himself to have the policy read and stipulate as he seeks to have it. To warrant the reformation, the minds of the parties must have met in a contract and in the mistake through which it failed of expression.

*Salomon* v. *North British & Mercantile Ins. Co.,* 156 App. Div. 944, reversed.

(Argued April 26, 1915; decided June 1, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 3, 1913, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Leo Levy* for appellant. There was no mutual mistake justifying reformation of the policy. (*Hearne* v. *Marine Ins. Co.,* 20 Wall. 488; *Mackenzie* v. *Coulson,* L. R. [8 Eq. Cas.] 368; *Heilbrunn* v. *G. A. Ins. Co.,* 202 N. Y. 610; *Southard* v. *Curley,* 134 N. Y. 148; *Burt* v. *Quackenbush,* 72 App. Div. 547; 175 N. Y. 490; *Lake View Brewing Co.* v. *Commerce Ins. Co.,* 143 App. Div. 656; 207 N. Y. 746; *Mead* v. *W. F. Ins. Co.,* 64 N. Y. 453; *Bryce* v. *Lorillard Ins. Co.,* 55 N. Y. 240; *Curtis* v. *Albee,* 167 N. Y. 360; *Dougherty* v. *Lion Fire Ins. Co.,* 41 Misc. Rep. 285; 95 App. Div. 618; *Miaghan* v. *Hartford Ins. Co.,* 12 Hun, 321; *Bartholomew* v. *Mercantile Ins. Co.,* 34 Hun, 263; 107 N. Y. 623.)

*Jacob R. Schiff* and *Isidore D. Morrison* for respondent. The plaintiff has made out a case for the intervention by a court of equity to reform the policy of insurance. (*Le Gendre* v. *Scottish Union & National Ins. Co.,* 95 App. Div. 562; *Maher* v. *Hibernia Ins. Co.,* 67 N. Y. 283; 6 Hun, 353; *Imperial Shale Brick Co.* v. *Jewett,* 169 N. Y. 143; *Marsh* v. *McNair,* 48 Hun, 117; *Curtis* v. *Albee,* 167 N. Y. 360; *Christopher & Tenth St. Ry. Co.* v. *Twenty-third St. Ry. Co.,* 149 N. Y. 51; *Rider* v. *Powell,* 4 Abb. Ct. App. Dec. 63; *Nevius* v. *Dunlap,* 33 N. Y. 676; *Pitcher* v. *Hennessy,* 43 N. Y. 415; *Bush* v. *Hicks,* 60 N. Y. 298; *Arend* v. *Laing,* 79 Hun, 203; *Eddy* v. *London Assurance Corp.,* 143 N. Y. 311; *Manchester* v. *Guardian Assurance Co.,* 151 N. Y. 88; *Graham* v. *Firemen's Ins. Co.,* 87 N. Y. 69; *Belknap* v. *Sealy,* 14 N. Y. 143; *Born* v. *Shrenkeisen,* 110 N. Y. 55; *Allison Bros. Co.* v. *Allison,* 144 N. Y. 21.)

COLLIN, J. The action is to have a policy of fire insurance, issued by the defendant, reformed in a certain respect and as reformed to recover thereupon a judgment for the loss sustained. The reformation sought is that the policy shall provide that the loss, if any, shall be payable to the plaintiff as mortgagee instead of providing, as in form it does, that the interest in the policy is vested in the plaintiff as owner and that the loss, if any, should be payable to Mayer Malbin and Israel Kammerman as mortgagees. Thus far the plaintiff has been successful.

In August, 1907, Malbin and Kammerman assigned to the plaintiff the mortgage upon the insured premises and thereafter delivered to him the policy of insurance. The policy then insured Morris Weintraub and Abraham Penn as the owners of the premises and Malbin and Kammerman as mortgagees. The plaintiff gave the policy to his brokers or agents with instructions that they have the defendant make the loss, if any, payable to him

as mortgagee. They wrote on the back of the policy that it should be changed so as to provide "interest vested in Morris Salomon, loss payable as heretofore," and took the policy with such notation to and left it with the agents of the defendant for the purpose, which was carried out by the defendant, of having it changed. The defendant's agents were given no instructions other than that of the notation. An indorsement was made on the inside of it, which read that the interest in the policy was vested in Morris Salomon, as owner, the loss, if any, payable as before, that is, to Malbin and Kammerman. The policy was thereafter returned to and placed in his safe by the plaintiff, who about one year later and after the loss had occurred saw or comprehended, for the first time, the error.

A finding of fact of the trial court was "by an error it was noted on said policy by this defendant that the interest in the policy is vested in Morris Salomon as owner, and that the loss, if any, should be payable as before to Mayer Malbin and Israel Kammerman." The defendant asserts that such finding (in connection with the other findings) does not sustain the conclusion of law on which the judgment for the plaintiff went. The assertion is well founded.

In *Hearne* v. *Marine Ins. Co.* (20 Wall. 488, 490) the court said: "The reformation of written contracts for fraud or mistake is an ordinary head of equity jurisdiction. The rules which govern the exercise of this power are founded in good sense and are well settled. Where the agreement as reduced to writing omits or contains terms or stipulations contrary to the common intention of the parties, the instrument will be corrected so as to make it conform to their real intent. The parties will be placed as they would have stood if the mistake had not occurred. The party alleging the mistake must show exactly in what it consists, and the correction that should be made. The evidence must be such as to leave no reasonable doubt

upon the mind of the court as to either of these points. The mistake must be mutual and common to both parties to the instrument.    It must appear that both have done what neither intended.    A mistake on one side may be a ground for rescinding, but not for reforming, a contract.    Where the minds of the parties have not met there is no contract, and hence none to be rectified."

It is not found or claimed that there was any fraud in the transaction between the parties.    The evidence proves affirmatively and indisputably that there was not.    The judgment must, therefore, if it is to remain, have as the basis that through a mistake mutual to the parties the policy insured Salomon as the owner of the premises instead of the holder of the mortgage lien upon them in the place of Malbin and Kammerman.    The basis does not exist.    The defendant did precisely what it intended and was instructed to do.    It did not make any mistake. It understood and apprehended accurately and fully the instruction and direction given it and acted in strict conformity with them.    It did not agree or intend to agree otherwise, and the policy, when re-delivered to the plaintiff, expressed precisely and completely the effect and obligations it understood and intended it should express. It cannot be changed as adjudged, or in any way, and express the understanding or contract or obligations which were in the mind of the defendant in changing the policy.    It did not intend to insure an unnamed mortgagee or any one who acquired the mortgage lien.    The plaintiff so asserts, in effect, in asking that the policy should be changed and be now reformed.    The fact that it intended to and did insure Malbin and Kammerman as mortgagees is not identical with or the equivalent of the intention to insure and the insurance of the plaintiff as mortgagee.    The simple and clear truth is that the defendant intended to insure the plaintiff as owner and Malbin and Kammerman as mortgagees, and the plaintiff intended that it should insure Weintraub and Penn (or

Penn) as owners and himself as mortgagee — intentions substantially and radically unlike.

The plaintiff was bound to prove that it was the intention of the defendant as well as of himself to have the policy read and stipulate as he seeks to have it. To warrant the reformation, the minds of the parties must have met in a contract and in the mistake through which it failed of expression. There being no fraud, the policy cannot be reformed if it expressed the intentions of the defendant only. The mistake which will permit a court of equity to reform a contract in writing in the absence of fraud must be one made by both parties to the agreement so that the intentions of neither are expressed in it. The mistake or each mistake must be shared in by both parties. The courts cannot compel the defendant, or any party, to enter into or be bound by a contract which it never made. (*Bryce* v. *Lorillard Fire Ins. Co.*, 55 N. Y. 240; *Doniol* v. *Commercial Fire Ins. Co.*, 34 N. J. Eq. 30; *Bishop* v. *Clay F. & M. Ins. Co.*, 49 Conn. 167; *Curtis* v. *Albee*, 167 N. Y. 360; *Potter* v. *Frank*, 106 Me. 165; *C. H. Young Co.* v. *Springer*, 113 Minn. 382; *Green* v. *Stone*, 54 N. J. Eq. 387; *Lake View Brewing Co.* v. *Commerce Ins. Co.*, 143 App. Div. 665; affirmed, 207 N. Y. 746; *Schmid* v. *Virginia Fire & Marine Ins. Co.*, Court of Chancery Appeals of Tennessee, April 30, 1896 [37 S. W. Rep. 1013].)

Under the facts as found and as proven and the established legal principles, the judgment should be reversed and a new trial granted, with costs to abide the event.

SEABURY, J. (dissenting). I dissent. The plaintiff in this action seeks the reformation of a policy of fire insurance and presents an appeal which I think a court of equity should heed. The policy originally insured Weintraub and Penn as owners and Malbin and Kammerman as mortgagees. Malbin and Kammerman assigned the mortgage to the plaintiff and delivered to him the policy

of insurance. The court below has found the following facts:

"*Thirteenth.* Thereafter upon the assignment of the bond and mortgage to this plaintiff and the delivery of the said policy of fire insurance to this plaintiff, application was made to modify the provisions of said policy so that the loss, if any, should be payable to Morris Salomon, this plaintiff, as mortgagee, under the provisions of the Standard and Statutory Mortgagee Clause, but by an error it was noted on said policy by this defendant that the interest in the policy is vested in Morris Salomon as owner, and that loss, if any, should be payable as before to Mayer Malbin and Israel Kammerman.

"*Fourteenth.* That the said Mayer Malbin and Israel Kammerman at the time of the modification of the policy by this defendant as aforesaid, were not the owners and holders of the bond and mortgage aforementioned, and that this plaintiff was not the owner of the premises, but on the contrary, this plaintiff was the owner and holder of the said bond and mortgage, assigned to him by Mayer Malbin and Israel Kammerman, and the owners of the fee of the aforementioned premises were Morris Weintraub and Abraham Penn, or Morris Weintraub."

After the fire occurred the plaintiff, for the first time, discovered that the policy made the loss payable to his assignors as mortgagees instead of to himself. It is conceded that there was no fraud and that the insertion in the policy of the names of Malbin and Kammerman instead of the name of the plaintiff was the result of mistake. Premiums upon the policy were paid and the court has found that the plaintiff duly performed all the conditions of the policy on his part to be performed. The appellant seeks to avoid liability upon its policy by setting up the claim, that although the names of Malbin and Kammerman were inserted in the policy by mistake, the mistake was not mutual because the error on the part of each party was not in respect to precisely the same fact.

In support of this contention it is argued that the error under which the defendant labored was in supposing that Malbin and Kammerman were the mortgagees, whereas the error of the plaintiff was in supposing that the policy insured his interest as mortgagee. It is argued that as the plaintiff and defendant each labored under a different mistake these two mistakes cannot be combined to make a mutual or common mistake. The argument seems to me to be more ingenious than persuasive, and upon the facts disclosed has little in it to commend it to the favor of a court of equity. There was a contract between the plaintiff and defendant. The fact is attested by the policy under which the plaintiff has performed his obligations. The purpose of the plaintiff and defendant and the object of the contract was that the interest of the mortgagee should be insured. When the policy was issued both parties supposed that it insured the interest of the mortgagee. In this supposition they were both mistaken. While the policy purported to insure the interest of the mortgagee in fact it did not do so, because it named Malbin and Kammerman as mortgagees whereas in truth the plaintiff was the mortgagee. The fact that the defendant believed Malbin and Kammerman to be the mortgagees and the plaintiff to be the owner, whereas the plaintiff was the mortgagee, in no way resulted to the prejudice of the defendant. The defendant contracted with the plaintiff and the plaintiff was the owner of the interest which the defendant intended to insure. The contract which both parties intended should be expressed in the policy was that the interest of the mortgagee should be insured. Whether we consider this case as an attempt to reform the contract on account of mutual mistake, or regard it merely as an attempt to alter the policy so that it shall accurately express the contract which the parties made, it seems to me that in either aspect the plaintiff is entitled to the relief which he seeks. The justice of the

plaintiff's claim is indisputable. The only question about which there is doubt is whether the principles upon which equity grants its relief are adequate to meet the requirements of justice. If we regard this case as an attempt to reform the contract on account of mutual mistake, I think relief may be granted upon well-settled principles. In determining whether the mistake was mutual it is important to distinguish between an error in circumstances which had no influence upon the making of the contract and error in circumstances which induced it. If the minds of the parties met upon the proposition that the interest of the mortgagee should be insured there was a contract. The fact that the defendant erroneously believed Malbin and Kammerman the mortgagees, and that the plaintiff believed that the policy correctly stated that he was the mortgagee, did not influence in any way the making of the contract. The consideration which induced the contract, and the object sought to be accomplished by it, was that the interest of the mortgagee should be insured. As to this vital feature both of the parties were mistaken. The mistake was mutual, not unilateral. The reason why equity will not ordinarily award reformation on account of a mere unilateral mistake is because "in such a case there is no meeting of the minds — no contract." (Pom. Eq. Rem. vol. 2, section 676.) Where there was no contract reformation will not be awarded. In this case the minds of the parties met upon the proposition that the interest of the mortgagee should be insured and there was a contract.

In *Snell* v. *Insurance Co.* (98 U. S. 85, 88) the parties intended that the insurance company should insure the interest of a partnership in certain bales of cotton, but the policy was so written that it insured the interest of one of the partners individually and not the interest of the partnership. It was held, however, that a proper case for the reformation of the policy was presented, Mr. Justice HARLAN saying: "We have before us a contract

from which, by mistake, material stipulations have been omitted, whereby the true intent and meaning of the parties are not fully or accurately expressed. A definite, concluded agreement as to insurance, which, in point of time, preceded the preparation and delivery of the policy, is established by legal and exact evidence, which removes all doubt as to the understanding of the parties. In the attempt to reduce the contract to writing there has been a mutual mistake, caused chiefly by that party who now seeks to limit the insurance to an interest in the property less than that agreed to be insured. The written agreement did not effect that which the parties intended. That a court of equity can afford relief in such a case, is, we think, well settled by the authorities." In *Thompson* v. *Phenix Ins. Co.* (136 U. S. 287, 296) the court said: "If, by inadvertence, accident or mistake, the terms of the contract were not fully set forth in the policy, the plaintiff is entitled to have it reformed, so as to express the real agreement, without the necessity of resorting to extrinsic proof." In the case under consideration the inducing cause of the contract was the agreement of both parties that the interest of the mortgagee should be insured. The belief of the defendant that Malbin and Kammerman were the mortgagees and the belief of the plaintiff that the contract referred to him as the mortgagee, related to matters collateral to the main purpose of the contract. The circumstance that each of the parties labored under a different misconception as to these collateral matters is of no importance in view of the common error each labored under as to the fundamental fact in reference to which the contract was made, viz., the common intent to insure the interest of the mortgagee. In granting relief to the plaintiff the court does not make a new contract for the parties. It merely reforms the contract so that it shall truly express the contract which the parties made. There is also another ground upon which this judgment for the plaintiff can be sustained. Even if

there was no mutual mistake in the sense in which courts of equity customarily use that expression, the contract between the parties to insure the interest of the mortgagee was so clearly established that equity has power to alter the policy to make it accurately express the contract which the parties made. In this case there was a mistake as to the policy, but there was no mistake as to the agreement or contract of which the policy was the tangible evidence. The present action is not to reform the agreement, but to reform the evidence of it. Neither in the pleadings nor in the findings is it stated that there was a mutual mistake as to the agreement. The findings establish that the agreement was to make the loss payable to the plaintiff as mortgagee, "but by an error it was noted on said policy by this defendant that the interest in the policy is vested in Morris Salomon as owner, and that loss, if any, should be payable as before to ". Malbin and Kammerman. In such a case, where the mistake relates to the evidence of the agreement rather than the agreement itself, equity will relieve even if the mistake was not mutual. (*Born* v. *Schrenkeisen*, 110 N. Y. 55, 59; *Pitcher* v. *Hennessey*, 48 N. Y. 415.) In *Born* v. *Schrenkeisen* (*supra*) Judge EARL said: "It was not necessary for them to allege a mutual mistake in the reduction of the agreement to writing, there being no mistake as to the agreement. In such a case, if, by the mistake of the scrivener or by any other inadvertence, the writing does not express the agreement actually made, it may be reformed by the court. It is only where the action is to *reform the agreement itself* that it is required that it should be alleged in the pleading and proved on the trial that the mistake was mutual. Where there is no mistake about the agreement and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected." From what has been said I think it appears that there is ample

authority for granting to the plaintiff the relief which justice so obviously required should be granted in this case. I vote in favor of affirming the judgment, with costs.

HISCOCK, CUDDEBACK, HOGAN and CARDOZO, JJ., concur with COLLIN, J ; SEABURY, J., reads dissenting opinion; WILLARD BARTLETT, Ch. J., absent.

Judgment reversed, etc.