SILVER FOX CO., INC., Plaintiff, *v.* NEW YORK INDEMNITY COMPANY, Defendant.

Supreme Court, New York Special Term, April 12, 1925.

Insurance — burglary insurance — action by insured to have policy of burglary insurance reformed on ground of mistake — defendant agreed to insure plaintiff against loss by burglary of merchandise sent by plaintiff to manufacturer, in event plaintiff notified defendant of destination of merchandise and its value — plaintiff placed valuation of $1,100 on merchandise subsequently stolen and discovered its value to be $11,000 — failure of plaintiff to notify defendant as to proper value precludes reformation of policy.

Plaintiff, an insured under a burglary insurance policy previously issued to it by the defendant, by which the defendant agreed to insure the plaintiff against loss by burglary of merchandise belonging to the plaintiff and sent by it to outside contractors for the purpose of being manufactured into dresses, in the event said plaintiff notified the defendant of the destination of said merchandise and of its value, is not entitled to reformation of said policy on the ground of a mistake, where it appears that the plaintiff placed a valuation of $1,100 upon a certain shipment of merchandise which was subsequently stolen and that thereafter it was discovered that the value of the shipment was $11,000.   Plaintiff's failure to notify the defendant as to the proper value of the merchandise precludes a recovery.

The mistake which will permit a court of equity to reform a contract in writing in the absence of fraud must be one made by both parties.

ACTION for reformation of policy of burglary insurance on ground of mistake.

*Alfred B. Nathan*, for the plaintiff.

*Prince & Loeb* [*Leon M. Prince* of counsel], for the defendant.

LEVY, J.:

This an action by the plaintiff to have a burglary insurance policy previously issued to it by the defendant reformed on the ground of mistake.   The complaint alleges among other things that the parties entered into an agreement whereby the defendant agreed to insure against loss by burglary all the merchandise belonging to the plaintiff and sent by it to outside contractors for

the purpose of being manufactured into dresses, and that it further agreed to *notify* the defendant from time to time of the places where the said merchandise was sent and of its *value*, and to pay a premium as fixed by the defendant upon such value.

Subsequently, in conformity with the requirements of the policy, defendant was notified from time to time of the names of the contractors to whom goods had been thus delivered and of the value thereof, and in one particular instance informed the defendant that it had goods in the value of *$1,100* in the premises of certain contractors known as Feinberg & Wertheim. Defendant, on receiving such notice through the brokers of the plaintiff, insured the same to that extent and charged plaintiff a premium predicated on such value. The place of business of the said contractors was feloniously broken into by force and violence of which there were visible marks made by tools, and thus a burglary was committed; thereafter defendant offered to pay the plaintiff for such loss. The latter refused this, and claimed it was entitled to insurance on $11,000 worth of goods, its position being that it intended to notify defendant that the value was *$11,000* but through mistake named but *$1,100*. Defendant urges that it insured for the precise amount of which it had notice, and that it did not act through error and refused to pay insurance in this instance on any basis other than $1,100. The plaintiff thereupon instituted this action to secure reformation of the policy by providing $11,000 insurance instead of $1,100. Plaintiff to support its claim proceeded to establish the premise that the defendant, allegedly through one of its officers, Kenny, as testified to by Strauss, officer of plaintiff, had agreed to insure the goods to full value; that there was a mistake on the part of the insurance company in failing to insure the goods for the larger amount. Defendant counters with the contention that, conceding such arrangement as is claimed to have occurred between Strauss and Kenny, no reformation can be effected as the mistake, if any, was unilateral, and that entirely on the part of the plaintiff; that to justify this relief it was necessary for the defendant to have shared in the very error upon which plaintiff is alleged to have acted.

Passing over the question of law involved in this controversy for the moment, the evidence discloses that on January 2, 1923, the assured, the plaintiff herein, had on the premises of Feinberg & Wertheim insurance of the amount of $4,350; on January 31, 1923, $3,000, a reduction of $1,350, and on February 20, 1923, $1,100, a reduction of $1,900. But, assuming that plaintiff actually had $11,000 worth of merchandise in the premises, there is a complete absence of any proof tending to show that the defendant was put

on notice or had the remotest knowledge as to the value. Quite the contrary, the proof clearly indicates that previously there was a gradual reduction of the value of goods in the said premises and the insurance company was well warranted in drawing the conclusion, if this was necessary, that there was a continued reduction. But it is not necessary to go that far. There was no mistake on the part of the insurance company, and if any existed it was only in the mind of the plaintiff. How, then, can reformation be decreed?

Furthermore, it was not claimed either in the complaint or upon the trial that the policy delivered on January 2, 1923, was not the contract between the parties that had been arranged for as a result of the claimed oral conversations. The policy was checked by the broker for the plaintiff and then was sent by him to the latter. No one urges that any mistake was made in the policy as drawn. As has already been pointed out, the sole ground upon which plaintiff claims the right to relief rests on the fact that the defendant had agreed to insure to the full value, which, due to a mistake, the latter failed to do. I am unable to follow the reasoning of the plaintiff. I certainly cannot adopt it. If there was a mistake, it was the plaintiff's. How can it be argued successfully that the plaintiff having notified the defendant to insure goods to the extent of $1,100 actually intended to insure the goods in the sum of $11,000? The most that occurred here was an act of negligence on the part of the plaintiff. Reformation can never be decreed in a situation of this character unless the minds of the parties have met in a contract and in a mistake through which it failed of expression. What mistake have we here? None appears in the making of the contract or in its execution. No fraud is claimed in the inducement, and as matter of fact the complaint as well as the proof is characterized by the very absence of such prerequisities. The rule applicable here is stated by the Court of Appeals in the case of *Salomon* v. *North British & M. Insurance Co.* (215 N. Y. 214, 218, 219) as follows: " It is not found or claimed that there was any fraud in the transaction between the parties. The evidence proves affirmatively and indisputably that there was not. * * * The defendant did precisely what it intended and was instructed to do. It did not make any mistake. It understood and apprehended accurately and fully the instruction and direction given it and acted in strict conformity with them. * * * There being no fraud, the policy cannot be reformed if it expressed the intentions of the defendant only. The mistake which will permit a court of equity to reform a contract in writing in the absence of fraud must be one made by both parties to the agreement so that the intentions of neither are expressed in it. The mistake or each mistake must

be shared in by both parties." And so, concededly, no mistake appears in the insurance policy. From a legal point of view, the minds of the parties were in perfect accord. The defendant did precisely what it intended and was instructed to do. It insured plaintiff's goods in possession of Feinberg & Wertheim in the sum of $1,100 as directed by the brokers of the plaintiff. Obviously, the mistake asserted is said to exist in the amount of insurance placed by the defendant. If such a result were to constitute a basis for reformation, insurance policies of a binding nature could never ultimately be effectuated · between parties. The assured and the insurer could each claim that there was a mistake as to amount or as to value or perhaps as to other items, and thus defeat the purpose of the agreement. Under these circumstances it cannot be said that the defendant acted in error. There was thus no mutuality of mistake and hence there can be no reformation (*Metzger* v. *Ætna Insurance Co.*, 227 N. Y. 411), and upon this issue judgment must go to the defendant. But as plaintiff, however, as stipulated on the record is entitled to recover the sum of $625, judgment may be entered in its favor for this sum only. Proposed findings and conclusions passed upon. Let proper findings of fact and conclusions of law, embodying only those allowed by the court, be submitted by the successful party within three days.