and as so modified affirmed, without costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Young, Hagarty and Carswell, JJ., concur; Seeger, J., dissents and votes to affirm. Settle order on notice.

Rock Foulkes, Appellant, v. M. P. Smith & Sons Company and Union Castle Mail Steamship Company, Respondents.— Judgment dismissing complaint unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ.

George Frizalone, an Infant, by John Frizalone, His Guardian ad Litem, Appellant, v. The City of New York, Respondent.— Judgment reversed upon the law and the facts and new trial granted, costs to abide the event, upon the ground that questions of fact were presented which should have been submitted to the jury. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.

John Frizalone, Appellant, v. The City of New York, Respondent.— Judgment reversed upon the law and the facts and new trial granted, costs to abide the event, upon the ground that questions of fact were presented which should have been submitted to the jury. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.

Cornelius W. Garrison, as Trustee in Bankruptcy of Century Steel Company of America, Inc., Respondent, v. Edward E. Perkins and Herman A. Schatz, Appellants, and Others, Defendants.— Orders denying motions to dismiss causes of action and the complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.

George E. Gartland, Respondent, v. The American Insurance Company (of Newark, New Jersey, U. S. A.) and Others, Appellants.— Judgment affirmed, with costs. No opinion. Lazansky, P. J., Kapper, Hagarty and Seeger, JJ., concur; Carswell, J., dissents and votes to reverse the judgment and dismiss the complaint upon the following grounds: There is no competent evidence herein of mutual mistake. The evidence discloses a unilateral mistake, the mistake being that of the plaintiff and the broker with whom he dealt, as to the effect of the striking out of the red-ink marginal clause upon the policy. There was no request to the defendants to do other than strike out this clause, which they did. There was no request by the plaintiff that the defendants issue a policy giving him coverage upon his boat with respect to sails and spars during racing. If there had been such a request and this policy involved herein had issued, then by reason of the presence of the black-ink clause in the body of the policy, a situation of mutual mistake would have existed, and then a reformation might properly ensue. The mistake of the plaintiff with respect to the effect of striking out the red-ink clause was not, so far as the evidence shows, shared by the defendants. A unilateral mistake, with nothing more, will not support reformation. In order to have reformation " the minds of the parties must have met in a contract and in the mistake through which it failed of expression. * * * The courts cannot compel the defendant or any party to enter into or be bound by a contract which it never made." (*Salomon v. North British & M. Ins. Co.,* 215 N. Y. 214, 219.)

Hall-Mark Realty Corporation, Respondent, v. Mary T. McGunnigle, Individually and as Widow and Executrix, etc., of Stephen A. McGunnigle,