Action for reformation, on the ground of mutual mistake, of an agreement of sale and of a restrictive covenant agreement made in connection with said agreement (1st cause of action) against Food Specialties, Inc., the seller named in the agreement of sale and John Godston and Jerome Stein, respectively its president and secretary, parties to said restrictive covenant agreement, and for injunctive relief and money damages based on the agreements as reformed (2d cause of action) against Godston and Westbury Products Corp., of which Godston was an officer, director and stockholder. Food Specialties and Stein appeared in the action but defaulted in answering. After trial before an Official Referee, to whom the action had been referred to hear and determine, an interlocutory judgment was entered reforming the agreement of sale and the restrictive covenant agreement. Thereafter a final judgment was entered enjoining Westbury and Godston and awarding damages against Godston. Godston appeals, insofar as against him (1) from the final judgment, and (2) from the interlocutory judgment and the findings of fact, conclusions of law and decision made therein. Westbury appeals, insofar as against it (1) from the final judgment and the findings of fact, conclusions of law and decision made therein, and (2) from the interlocutory judgment and the findings of fact, conclusions of law and decision made therein. Final and interlocutory judgments, insofar as appealed from, reversed on the law and the facts, with one bill of costs, and complaint dismissed as against appellants, with costs. Findings of fact insofar as they may be inconsistent herewith axe reversed and new findings will be made as indicated herein. In our opinion, respondents failed to sustain the burden of establishing by clear, positive and convincing evidence that the restrictive covenant agreement and the agreement of sale as signed were executed by appellant Godston by mistake or that they failed to express his intention when he signed them. Reformation on the ground of mutual mistake was, therefore, unwarranted. (Cf. Amend v. Hurley, 293 N. Y. 587, 595; Salomon v. North British & Mercantile Ins. Co., 215 N. Y. 214, 219; Strong v. Reeves, 280 App. Div. 301, affd. 306 N. Y. 666.). Appeals from findings of fact, conclusions of law and decisions dismissed, without costs. No appeal lies from findings of fact, conclusions of law and decisions.
Nolan, P. J., Wenzel, Ughetta and Hallinan, JJ., concur; Beldock, J., concurs in the dismissal of the appeals but dissents from the reversal of the judgments and the dismissal of the complaint and votes to affirm said judgments. Settle order on notice.