Louis F. W. AREND, Respondent, *v.* FREMONT C. LAING, Appellant..

*Doctrine of mutuality — right to compel specific performance of a contract for the sale of land — when such contract will be reformed.*

Equity accords the relief of specific performance to the vendor in an executory contract for the sale of land on the principle of mutuality. The vendee, in such a contract, would, without such remedy of specific performance, be without adequate redress in case of the refusal of his vendor to convey, and since the vendee may have his suit for specific performance, the vendor must be equally entitled to it, notwithstanding his right to bring an action at law for the purchase money.

In respect to the reformation of such contract, the vendee may undoubtedly (where there has been a mutual mistake in regard to the number of acres to be sold, at a certain price per acre, and consequently in the price to be paid for the whole) have such mistake corrected by a reformation of the contract, and on the principle of mutuality the vendor, who desires to reform his contract, according to its intent, may have the same relief in equity upon making a corresponding readjustment of the price to be paid to him under the contract.

APPEAL by the defendant, Fremont C. Laing, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 27th day of September, 1893, upon the decision of the court rendered at the Erie Special Term overruling the defendant's demurrer to the complaint, and also from an order entered in said clerk's office on the 27th day of September, 1893, overruling the defendant's demurrer to the complaint, with notice of an intention to bring up for review on such appeal the said judgment and order.

*Philip A. Laing,* for the appellant.

*E. L. Parker,* for the respondent.

DWIGHT, P. J.:

The action was by the vendor for the reformation and specific performance of an executory contract for the sale of land. The reformation desired is in the statement of the number of acres contained in the premises to be conveyed, and in the total price, and the installments to be paid therefor. In the contract the premises are described (1) by four boundaries — two of which are public highways; one is a lot line and the other the land of an adjoining proprietor; (2) by name — "known as the J. Besch farm," and (3) as the premises intended to be conveyed by a certain deed — citing the book and page of its record in Erie county. They are also described as containing fifty and seven hundred and nine one-thousandth acres of land. The price to be paid is stated at $875 per acre; the total price is computed accordingly at $44,370.37, and the contract specifies the times and mode of payment of the several installments into which that sum is divided.

After setting out the contract the complaint alleges that the statement therein, that the premises contain fifty and seven hundred and nine one-thousandth acres of land, was by the mutual mistake of the parties, whereas, in fact, they contain only forty-six and seven hundred and thirteen one-thousandth acres, and the relief sought is that the contract be reformed so as to conform to the fact in this respect, and that the amount of the total price and of the several installments to be paid be correspondingly reduced, and that the plaintiff have judgment for the specific performance of the contract as so reformed.

The complaint also alleges default on the part of the defendant, and that, upon the discovery of the mistake of fact above mentioned, the plaintiff informed the defendant thereof, and offered to reduce, proportionately, the purchase price and the several payments mentioned in the contract, and he repeats the same offer by his complaint.

The defendant demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The demurrer was, no doubt, properly overruled.

Equity accords the relief of specific performance to the vendor in an executory contract for the sale of land on the principle of mutuality. The vendee in such a contract, but for that relief in equity, would be without adequate remedy in case of refusal of his vendor to convey; and since he may have his suit for specific performance, the vendor must be equally entitled to it, notwithstanding his action at law for the purchase money. And so in respect to reformation; the vendee may, undoubtedly, have a mutual mistake in respect to the number of acres to be sold, at a certain price per acre — and, consequently, in the price to be paid for the whole — corrected by a reformation of the contract; and so, on the principle of mutuality, the vendor who desires to perform his contract according to its intent may have the same relief in equity upon offering at the same time to do equity by making a corresponding reduction in the price to be paid to him. (*Hill* v. *Buckley*, 17 Ves. Jr. 394; *Voorhees* v. *De Meyer*, 2 Barb. 37; *Paine* v. *Upton*, 87 N. Y. 327, 331-333.)

In this case there would seem but little question, on the face of the contract, as to the intent of the parties, viz., to contract for the purchase and sale of the land contained within the four boundaries mentioned, known as the J. Besch farm, and conveyed by the recorded deed to which reference was made; and that the exact quantity of land so contained was a secondary consideration and to be controlled by the previous descriptions. It is also to be inferred from the price per acre agreed to be paid that the land so purchased was no longer to be employed as a farm, or, for any purpose, in a single parcel, but was to be plotted and sold in city lots. And in this there is some reason at least for supposing that the precise number of acres was not an essential element of the transaction.

We think there is no serious criticism to be made of this complaint on the ground stated.

The judgment appealed from must be affirmed, with costs, but with leave to defendant to withdraw demurrer and answer over in twenty days on payment of costs of the demurrer and of this appeal.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

So ordered.