LE GENDRE v. SCOTTISH UNION & NATIONAL INS. CO.

(Supreme Court, Appellate Division, First Department. June 29, 1904.)

1. FIRE INSURANCE—POLICY—DESCRIPTION—REFORMATION.

Where plaintiff intended to insure goods in his house and residence, which was situated in the midst of a large tract of land in a rural community and was the only house plaintiff owned in that county, and the policy described it as located on the "southerly" side of a certain road, when it was on the "northerly" side, plaintiff was entitled to have the policy reformed after loss.

2. SAME—ESTOPPEL.

There was no estoppel from the fact that plaintiff's agent may have represented the house as on the "southerly" side of the road.

Appeal from Special Term, New York County.

Action by William G. Le Gendre against the Scottish Union & National Insurance Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Robert L. Harrison, for appellant.
Edgar J. Nathan, for respondent.

LAUGHLIN, J. This is an action to reform an insurance policy, and to recover upon it, as reformed, a loss sustained by fire. The insurance was upon personal property owned by the plaintiff "or any member of his household," consisting principally of household furniture and effects, "while contained in the frame building, owned by the assured, situate on the southerly side of the upper road leading from Mt. Kisco to Bedford, Westchester county, N. Y. This insurance also to cover the property insured while in transit from Pelham Bridge to the residence of the assured at Bedford." The residence of the plaintiff containing the property was in fact situated on the northerly side of the road specified in the policy. He alleges that the property intended by both parties to be insured was in his house on the northerly side of the road, and that the word "southerly" was inserted in the policy through inadvertence. It appears that at the time this policy was issued the plaintiff owned no other house, and had no other similar personal property, in the county of Westchester. The house is in the middle of an 18-acre tract of land in a rural community, outside of the protection of any regular fire department.

At the time of the fire the plaintiff had two other policies of insurance issued by the defendant on his dwelling and contents, one of which was issued before and the other after the policy in question. The first of these likewise erroneously described the dwelling as on the south side of the highway. About six months after the issue of the second policy, the mistake in the first was discovered by Messrs. Harrison & Byrd, insurance agents, who had the first and last policies in their possession, and they forwarded it to the home office, where the mistake was corrected by substitution of a new form containing

¶ 1. See Insurance, vol. 28, Cent. Dig. § 267.

a correct description. The plaintiff was not aware of the discovery or correction of that mistake, and he did not discover the mistake in the policy now sued upon. The third policy correctly described the location of the property. It was taken out by a mortgagee, and the plaintiff never saw it. The company paid its liability under the first and third policies, but denied its liability under the second, on account of the mistake in the location of the property. The applications for the first and second policies were made, in behalf of the plaintiff, by an insurance broker upon blanks furnished by the company. It described the property as contained in the frame building owned by the plaintiff and situate on the southerly side of this road. The description of the location in the policies was taken from these applications, respectively. The broker had never seen the premises, but testified that he applied for the insurance under written instructions from the plaintiff, and produced the plaintiff's letter, containing the order for the insurance, which was marked for identification, but not introduced in evidence, and it does not appear whether the. mistake was made by the plaintiff or by his agent.

We regard this as a plain case for the reformation of the policy. It is manifest that the plaintiff intended to insure the property contained in his residence. He doubtless knew, although even that has not been shown, that his house was on the north, instead of the south, side of the road; and it is evident that the erroneous description in the policy, locating his house on the south side of the road, was, at least so far as he is concerned, the result of some inadvertence or mistake. The defendant, however, contends that there was no mistake on its part. It offered no evidence, and, consequently, there is nothing but the facts already stated from which inferences on that subject may be drawn. If the defendant knew the true location of the plaintiff's house, and with such knowledge issued its policy, intending to describe the location erroneously, it was guilty of a fraud which would require the reformation of the contract; but the plaintiff does not charge fraud, and it is not ordinarily inferred where the evidence is susceptible of an interpretation consistent with innocence. Assuming, therefore, that the defendant meant to act in good faith, and that it had no knowledge concerning the location of the property except that presented in the application, then it also labored under a mistake in describing the location of the property. Upon this assumption the defendant intended to insure the plaintiff's personal property contained in his residence. The policy correctly describes the property, and describes it as belonging to the plaintiff and being in his residence; but it erroneously states that the residence was on the southerly, instead of on the northerly, side of the highway. In supposing or believing that the plaintiff's residence was on the southerly side of the road the defendant was mistaken.

Plaintiff intended to procure insurance upon the household property in his residence, and that is the property the defendant intended to insure; but in reducing their agreement to writing the word "south" was erroneously inserted, instead of the word "north," as indicating the location of the residence of the assured with reference to the highway. The case, therefore, falls within the doctrine of the au-

thorities that where there was no mistake in the agreement, but merely a mistake in reducing it to writing, the contract will be reformed. Pitcher v. Hennessey, 43 N. Y. 415; Maher v. Hibernian Ins. Co., 67 N. Y. 283; Hughes v. Mercantile Mutual Ins. Co., 55 N. Y. 265, 14 Am. Rep. 254; Bush v. Hicks, 60 N. Y. 298; Arend v. Laing, 79 Hun, 203, 29 N. Y. Supp. 537.

There is no force in the suggestion that, since the plaintiff's agent represented to the defendant that the property was on the southerly side of the road, it cannot be held liable for insurance on any property situated elsewhere. Located as this property was, it is evident that it made no difference, so far as the hazard is concerned, as to whether the property was on the north or the south side of the road. There is no estoppel. It does not appear that the defendant made any investigation, or that it considered that there was any difference in the hazard, depending upon which side of the road the property was, and if it did investigate it would have discovered the true location of the plaintiff's residence. Had it done so within a reasonable time, and had there been any basis for claiming it had been misled to its prejudice, it might have rescinded the contract and returned the premiums; but, having retained the premiums until after the fire, it should not be heard to say that no property was insured.

It is unnecessary to decide whether the plaintiff could have recovered without reformation, and therefore we express no opinion on that question.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.