## SALOMON v. NORTH BRITISH & MERCANTILE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

1. INSURANCE (§§ 533, 622*)—FIRE INSURANCE—LIABILITY OF INSURER TO MORTGAGEE.

The liability of an insurance company to a mortgagee, entitled to payment of a loss as his interest may appear, is different from the liability to the owner, and the provisions of the policy as to presentation of proof of loss and as to the short statute of limitations do not apply to a mortgagee.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1320, 1544–1556; Dec. Dig. §§ 533, 622.*]

2. INSURANCE (§ 143*)—REFORMATION OF POLICY—MUTUAL MISTAKE—EVIDENCE.

A fire policy made a loss payable to the mortgagee as his interest might appear. An assignee of the bond and mortgage delivered the policy to his broker with instructions to have a memorandum made on it to the effect that the loss, if any, was payable to him as mortgagee. The policy was sent to insurer with a request that an indorsement be made on it to the effect that the assignee had become the owner of the property and that the loss, if any, should be payable as before. Such an indorsement was made, and the policy was returned to the assignee, who retained it without objection until after a loss. *Held* that, since the insurer by this indorsement intended to continue the insurance for the benefit of the mortgagee, but by an erroneous indorsement it left the policy payable to the former mortgagee instead of to the assignee, the policy must be reformed so as to make it payable to the assignee as mortgagee to the extent of his interest.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 265–272; Dec. Dig. § 143.*]

3. REFORMATION OF INSTRUMENTS (§ 19*)—MUTUAL MISTAKE—EVIDENCE.

The court may reform an instrument on the ground of mutual mistake, though the mistake on the part of each party is not with respect to precisely the same facts.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 74–78; Dec. Dig. § 19.*]

Ingraham, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Morris Salomon against the North British & Mercantile Insurance Company of New York. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and new trial granted.

See, also, 142 App. Div. 940, 127 N. Y. Supp. 1143.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Jacob R. Schiff, of New York City, for appellant.
Leo Levy, of New York City, for respondent.

LAUGHLIN, J.  The material facts are stated in the first point discussed in the opinion of Mr. Justice McLAUGHLIN; but I am unable to agree with his view of the evidence with respect to the assignment of the plaintiff's interest to Greenberger, and the reassignment thereof to the plaintiff, for no issue with respect thereto was presented by the pleadings, and the point was not taken upon the trial, and the assignment and reassignment are not printed in full in the record, doubtless for that reason, and therefore it must be assumed that the plaintiff assigned, not merely the bond and mortgage and his interest in the insurance policy, but his cause of action to have it reformed, for it so appears by his testimony, and also that the assignment was made merely for the purpose of bringing the action, and for the same reason it must be presumed that the reassignment was of the entire cause of action.  On the other point, which was the only question litigated, I am of opinion that the plaintiff is entitled to have the policy reformed and to recover thereon.

[1] It must now be conceded that the liability of an insurance company to a mortgagee is quite different from its liability to the owner, and that the provisions of the policy with respect to presentation of proof of loss, and with respect to the short statute of limitations, do not apply to the mortgagee.  Heilbrunn v. German Alliance Insurance Co., 140 App. Div. 557, 125 N. Y. Supp. 374, affirmed 202 N. Y. 610, 95 N. E. 823.

[2] If, therefore, the defendant did not intend to insure the mortgagee, of course the court could not reform the contract so as to make it liable to the mortgagee; but in the case at bar, it clearly appears that, before the bond and mortgage were assigned to the plaintiff, the defendant had insured the interest of his assignors, the mortgagees, and it clearly appears by the indorsement, which the defendant made upon the policy when the same was forwarded by the plaintiff, after he obtained the assignment of the bond and mortgage, with a view to having his interest insured, erroneously described by his agents as owner, that the defendant, while changing the name of the owner, still continued the policy payable, as before, to the mortgagee.  It is perfectly plain that the defendant, by this indorsement, intended to continue the insurance for the benefit of the mortgagee; but by the erroneous indorsement which it made upon the policy, it left the policy payable to the former mortgagees, the plaintiff's assignors.  It thus appears that the plaintiff intended to have his interest as mortgagee insured, and the defendant intended to continue to insure the interest which had been assigned to the plaintiff.  The fact that the defendant was not informed of the assignment of the bond and mortgage does not, I think, preclude the plaintiff from having the policy reformed.  His failure to inform the insurance company that he had become the assignee of the bond and mortgage,

instead of the grantee of the premises, was through the inadvertence of his agents, but did not affect the risk or the rights of the defendant. It may be conceded that the defendant was led to believe that he was the owner, but it was not prejudiced by that fact, for the real owner, whose name was on defendant's records as the owner before it made this change, duly presented proofs of loss within the time required by the contract.

[3] The uncontroverted evidence therefore shows that there was a mutual mistake, and it is not essential, I think, to the right to the reformation of an instrument, that the mistake on the part of each party shall be with respect to precisely the same facts. The essential fact was that the plaintiff intended to have his interest as mortgagee, under this bond and mortgage, and the defendant intended to continue the insurance in favor of the mortgagee, but was erroneously informed that plaintiff had succeeded to the ownership of the legal title instead of the mortgaged interest.

For these reasons, I am of opinion that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

MILLER and DOWLING, JJ., concur.

McLAUGHLIN, J. (dissenting). On February 1, 1907, defendant issued to one Sparago its policy of insurance by which, in consideration of the premium paid, it agreed to indemnify him for a term of three years, or until February 1, 1910, against loss or damage by fire to the extent of $1,800, on a building then owned by him. On March 22, 1907, Sparago conveyed the real estate upon which the building stood, to Weintraub and Penn, taking their bond secured by a mortgage on the property, for a portion of the purchase price. At, or immediately following, the conveyance and the giving of the mortgage, a memorandum was made by defendant upon the policy showing the change in ownership of the property, the existence of the mortgage, and making the loss, if any, payable to the mortgagee as his interest might appear.

On August 14, 1907, the bond and mortgage, through mesne assignments, were acquired by the plaintiff, including the defendant's policy of insurance. Shortly thereafter, plaintiff delivered the policy to his brokers for the purpose of having a memorandum made upon it to the effect that the loss, if any, was payable to him as mortgagee, instead of, as indicated on the policy, to his assignors, Malbin and Kimmerman.

The brokers sent the policy to defendant with the request that an indorsement be made upon it to the effect that plaintiff had become the owner of the property, but that the loss, if any, should be payable as before. Thereupon defendant indorsed upon it: "Interest vested in Morris Salomon. Loss as before"—and returned it to the brokers. They, in turn, sent it to the plaintiff on October 4, 1907, together with a letter stating:

"We inclose herewith policies as below scheduled, with interest vested in you as owner, loss, if any, payable as before."

He received and retained it without objection of any kind for upwards of a year.

On March 23, 1908, the building covered by the policy was damaged by fire. No claim up to that time, nor until long afterwards, was made by the plaintiff, that there had been a mistake in the indorsement, or that his interest in the property was other than that of owner. Several months after the fire, however, he did make such claim, and demanded payment of the loss, which was refused. He thereupon brought this action to reform the policy, upon the ground of mutual mistake, by making the loss payable to him as mortgagee, and to recover the same. The trial court at the conclusion of the trial dismissed the complaint upon the merits, and from the judgment entered to this effect plaintiff appeals.

The plaintiff in bringing the action recognized that he could not recover unless the policy were reformed. A reformation could not be had without proving a mutual mistake, or a mistake by one party and the commission of a fraud by the other. Pitcher v. Hennessey, 48 N. Y. 415; Hughes v. Mercantile Mutual Ins. Co., 55 N. Y. 265, 14 Am. Rep. 254; Mead v. Westchester Fire Ins. Co., 64 N. Y. 453; Cary Mfg. Co. v. Insurance Co., 42 App. Div. 201, 59 N. Y. Supp. 7.

It is not alleged, proved, or claimed that the policy should be reformed by reason of any fraud on the part of the defendant. Plaintiff's sole claim is predicated upon a mutual mistake, and the proof which he offered at the trial utterly failed to establish it. The defendant indorsed upon the policy precisely what the plaintiff's agent requested it to, and what it actually intended to indorse thereon. The only mistake, if any, that was made, was by the plaintiff's agent in carrying out his instructions. This mistake, if made, the plaintiff failed to discover, notwithstanding, when the policy was returned to him, his attention was called to the fact that, according to the indorsement which had been made, he was the owner, and the loss, if any, was payable "as before"; that is, to Malbin and Kimmerman, the prior mortgagees.

These facts are undisputed, and if the policy can be reformed under such circumstances, then I am unable to see why the court cannot reform any contract if it does not express what one of the parties intended, even though it does express precisely what the other party intended it should. Parties, not courts, make contracts. To reform the policy as asked by plaintiff is to have the court make a contract for the parties, which they did not, and never intended to, make.

A contract to insure one as owner is quite different from a contract to insure one as mortgagee. Heilbrunn v. German Alliance Ins. Co., 140 App. Div. 557, 125 N. Y. Supp. 374, affirmed 202 N. Y. 610, 95 N. E. 823; Hastings v. Westchester Fire Ins. Co., 73 N. Y. 141; Excelsior Fire Ins. Co. v. Royal Ins. Co., 55 N. Y. 343, 14 Am. Rep. 271. An owner and a mortgagee have different interests which may materially affect the risk under a policy of fire insurance.

The view above expressed, that the policy cannot be reformed, is not in conflict with those expressed in Le Gendre v. Scottish Union

& Nat. Ins. Co., 95 App. Div. 562, 88 N. Y. Supp. 1012. There the policy covered household furniture and effects belonging to the plaintiff or any member of his family, "while contained in the frame building owned by the assured and situate on the southerly side" of a certain highway named. The building was actually situate on the northerly, instead of the southerly, side of the highway. After the fire an action was brought to substitute the word "northerly" in place of the word "southerly," and to recover the amount of the loss. There was no dispute between the parties as to the subject-matter of the insurance, the interest insured therein, nor as to what the parties intended. There was no mistake as to the identity of the building in which the property was located. The only mistake was as to the location of the building; that is, whether it was on one side of the highway or the other. It was held, and properly, that the policy should be reformed, to the end that the intent of both parties might be carried out.

My conclusion is that the court was right in holding that the policy could not be reformed, because the evidence failed to establish a mutual mistake.

But if a mutual mistake were made, as contended by the plaintiff, he is not in a position to take advantage of it or to have the policy reformed on that ground. The fire occurred on the 23d of March, 1908. More than 16 months thereafter, on the 2d of August, 1909, plaintiff, in the meantime having made no claim that the policy should be reformed, assigned the bond and mortgage to one Greenberger, and, after the assignment, he had no interest in the loss or the subject-matter of insurance. Greenberger, as appears from the plaintiff's cross-examination, as the owner of the bond and mortgage, subsequently brought an action against the defendant on the policy in question. The trial resulted in a disagreement of the jury, and Greenberger then on the 23d of June, 1910, six days before the commencement of this action, reassigned the bond and mortgage to the plaintiff. Whether this reassignment included the policy does not appear; but, if so, it did not carry with it the right to have the policy reformed. When the plaintiff assigned the bond and mortgage to Greenberger, he lost whatever right he had to reform the policy, and Greenberger could not thereafter have maintained an action for that purpose. The defendant never recognized the assignment to him in any way, and it does not even appear that the policy was assigned to him. Plaintiff, having therefore parted with whatever right he had to have the policy reformed, by assigning the bond and mortgage to Greenberger, could not, upon any legal principle of which I am aware, be reinstated in his former position with reference to the policy by a simple reassignment of the bond and mortgage.

Upon both grounds, therefore, I dissent from the prevailing opinion and vote to affirm the judgment.

INGRAHAM, P. J., concurs.