**678** TOMATO PRODUCTS CO., INC., *v.* MFRS.' LIABILITY INS. CO.

First Department, December, 1922. [Vol. 203

TOMATO PRODUCTS CO., INC., Appellant, *v.* MANUFACTURERS' LIABILITY INSURANCE COMPANY OF NEW JERSEY, Respondent.

First Department, December 22, 1922.

**Insurance — liability insurance — action to reform policy of liability insurance on motor truck and to recover amount of judgment paid by insured for personal injuries to third person — mistake in number of engine — policy should be reformed to recite true number of engine.**

A policy of automobile liability insurance should be reformed to recite the true number of the engine and a recovery allowed against the insurer for the amount of a judgment recovered against and paid by the insured for personal injuries to a third person, where it is conceded by the insurer that the number of the engine stated in the application for insurance was erroneously stated by a mistake on the part of the insured and where it appears that the risk was not in the slightest degree affected by the number of the engine given.

APPEAL by the plaintiff, Tomato Products Co., Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 7th day of April, 1922, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint upon the merits.

*Louis Jersawit* [*Jacob Zelenko* of counsel], for the appellant.

*A. G. Maul* [*Walter G. Evans* of counsel], for the respondent.

GREENBAUM, J.:

This action was brought to reform a policy of liability insurance issued by the defendant to the plaintiff on or about October 23, 1917, for the period of one year. The policy insured a certain automobile truck. It was issued pursuant to an application prepared by plaintiff's broker, in which it was stated that the engine number was 16501, and it was thus mentioned in the policy. On September 25, 1918, an accident occurred in the operation of the truck, whereby one Samuel Cohen was killed. An action was brought by his administrator, and the summons served on plaintiff, appellant herein, was sent to defendant. The defendant's attorney served a notice of appearance for plaintiff before any complaint had been served or answer interposed. It then learned that the engine number of the automobile truck owned by plaintiff was 16496 instead of 16501, and thereupon refused to continue with the defense and returned all the papers in the case to the plaintiff, who thereupon retained his own counsel, who tried the case, which resulted in a judgment against him, in favor of the plaintiff in

that action, for $2,875.99. Plaintiff satisfied the judgment and brought this action, asking for a reformation of the policy so as to substitute engine number 16496 for the number stated in the policy, and for a recovery of the amount of the judgment, together with $750 paid as counsel fees.

Defendant in its brief frankly concedes that there is no doubt that there was a mistake made by the plaintiff or its agents, for without doubt plaintiff never owned an automobile truck bearing engine number 16501.

The undisputed evidence is that the plaintiff owned a car of the description set forth in the policy and in the application (excepting only the erroneous number of the engine of the car) as follows: " Trade Name: Auto Truck.  Factory No. of Engine or Motor: 16501.  Kind of Power: Gasoline.  Horse Power Insurable: 18. Year of Model: 1916.  Style of Body: Comm'l.  *  *  *."

It is undisputed that the plaintiff, during the period covered by the policy, owned but one car and that was No. 16496. It was, therefore, clear that through some mistake the wrong number was given, although in other details the car was accurately described in the policy and was readily identifiable.  There can be no doubt that defendant would have insured the car of the plaintiff regardless of the number of the engine, since its risk was not in the slightest degree affected by the number of the engine, which doubtless was merely intended as an additional means of identification of the particular car insured, where the insured owned more than one car.  Nor can there be any doubt that both parties must have understood that the car insured referred to the only car which plaintiff owned, and that they acted under the belief that the number of the engine was accurately described in the application. I think the case falls within the reasoning of the opinion in *Le Gendre* v. *Scottish Union & Nat. Ins. Co.* (95 App. Div. 562), LAUGHLIN, J., writing:  " We regard this as a plain case for the reformation of the policy.  It is manifest that the plaintiff intended to insure the property contained in his residence.  *  *  * Plaintiff intended to procure insurance upon the household property in his residence, and that is the property the defendant intended to insure; but in reducing their agreement to writing the word ' southerly ' was erroneously inserted, instead of the word ' northerly,' as indicating the location of the residence of the assured with reference to the highway.  The case, therefore, falls within the doctrine of the authorities that where there was no mistake in the agreement, but merely a mistake in reducing it to writing, the contract will be reformed.  (*Pitcher* v. *Hennessey*, 48 N. Y. 415; *Maher* v. *Hibernia Ins. Co.*, 67 id. 283; *Hughes* v. *Mercantile Mutual Ins. Co.*, 55 id.

**680** TOMATO PRODUCTS CO., INC., *v.* MFRS.' LIABILITY INS. CO.

First Department, December, 1922. [Vol. 203

265; *Bush* v. *Hicks*, 60 id. 298; *Arend* v. *Laing*, 79 Hun, 203.) There is no force in the suggestion that since the plaintiff's agent represented to the defendant that the property was on the southerly side of the road it cannot be held liable for insurance on any property situated elsewhere. Located as this property was, it is evident that it made no difference, so far as the hazard is concerned, as to whether the property was on the north or the south side of the road. There is no estoppel. It does not appear that the defendant made any investigation, or that it considered that there was any difference in the hazard depending upon which side of the road the property was, and if it did investigate it would have discovered the true location of the plaintiff's residence. Had it done so within a reasonable time and had there been any basis for claiming it had been misled to its prejudice, it might have rescinded the contract and returned the premiums; but having retained the premiums until after the fire, it should not be heard to say that no property was insured." The criticism in the foregoing case as to defendant's omission to examine the property applies with equal force to the case under review.

The learned Special Term justice relied upon *Salomon* v. *North British & Mercantile Ins. Co.* (215 N. Y. 214). That case was first decided by a divided court (150 App. Div. 728), INGRAHAM, P. J., and McLAUGHLIN, J., dissenting, the latter with an opinion. Upon a retrial of the action the plaintiff obtained a judgment of reformation, and upon appeal to this court the judgment was affirmed (156 App. Div. 944), INGRAHAM, P. J., dissenting on the dissenting opinion of McLAUGHLIN, J., on the former appeal. The Court of Appeals reversed this court (215 N. Y. 214, 219), thus impliedly approving, in a general way, of the dissent in the Appellate Division. In his dissenting opinion (150 App. Div. 728) Mr. Justice McLAUGHLIN said: "The view above expressed, that the policy cannot be reformed, is not in conflict with those expressed in *Le Gendre* v. *Scottish Union & Nat. Ins. Co.* (95 App. Div. 562). There the policy covered household furniture and effects belonging to the plaintiff or any member of his family, ' while contained in the frame building, owned by the assured and situate on the southerly side ' of a certain highway named. The building was actually situate on the northerly, instead of the southerly side of the highway. After the fire an action was brought to substitute the word ' northerly ' in place of the word ' southerly,' and to recover the amount of the loss. There was no dispute between the parties as to the subject-matter of the insurance, the interest insured therein, nor as to what the parties intended. There was no mistake as to the identity of the building in which the property was located.

The only mistake was as to the location of the building, that is, whether it was on one side of the highway or the other. It was held, and properly, that the policy should be reformed, to the end that the intent of both parties might be carried out."

The judgment should be reversed, with costs, and judgment directed in favor of the plaintiff, with costs.

CLARKE, P. J., SMITH, PAGE and FINCH, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of plaintiff, with costs. Settle order on notice before January first.