GEIGER WATCH CASE CORPORATION, Plaintiff, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND and JOACHIM GEIGER, Defendants.

Supreme Court, New York Special Term, March, 1923.

**Insurance — burglary — when policy in name of an individual cannot be reformed to cover corporation.**

An individual by mistake took out a policy of burglary insurance in his own name instead of in the name of a corporation of which he owned all the stock and which corporation owned all the goods insured. The corporation was robbed and now seeks to reform the policy and recover thereunder. *Held*, that there was no agreement to indemnify the corporation and that the mistake cannot justify a reformation of the policy as the defendant contracted and intended to contract with the individual and cannot be forced into a contract with the corporation.

SUIT to reform policy of burglary insurance.

*Henderson, Ely & Aldcroftt* (*Moses Ely*, of counsel), for plaintiff.
*W. P. Harvey*, for defendant.

PLATZEK, J. The action is for reformation of a policy of burglary insurance and to recover upon the policy as reformed. The reformation sought is a change of the insured from Joachim Geiger, an individual, to Geiger Watch Case Corporation, a corporation, all the stock of which was owned by Geiger. The occurrence of the robbery is satisfactorily established. It is manifest that Geiger made a mistake in applying for insurance in his own name instead of in the name of the corporation. Of course, the company was

mistaken, too, in supposing that it was insuring goods of Geiger when Geiger had, in fact, no goods to be insured. But these mistakes afford no basis for reformation of the contract because at most they show that there was no agreement between the parties to do anything which was capable of performance. There was no agreement to indemnify the corporation, and Geiger had nothing at risk. Mistake alone cannot justify the reformation of an agreement, though it may justify its rescission. Before reformation can be decreed there must be a real agreement between the parties which the written instrument, when reformed, will express. *Salomon* v. *North British & M. Ins. Co.*, 215 N. Y. 214. Where a given house is intended to be insured, but the policy erroneously describes it as situate on the southerly instead of on the northerly side of the road (*Le Gendre* v. *Scottish Union & Nat. Ins. Co.*, 95 App. Div. 562) or where a given automobile is in the contemplation of both parties, but is mistakenly referred to by a wrong number (*Tomato Products Co.* v. *Mfrs.' Liability Ins. Co.*, 203 App. Div. 678), reformation may be decreed, because the parties had a common purpose which the written instrument may be made to express by the mere correction of the mutual mistake. So, in *Houlden* v. *Farmers' Alliance Co-op. F. Ins. Co.*, 188 App. Div. 734; affd., 231 N. Y. 636, the ground of the decision was that both parties intended to insure plaintiff as mortgagee and that the description of her interest as that of an owner was due to mutual mistake. But here, while Geiger undoubtedly intended to secure indemnity against theft of the goods in his place of business, the defendant at no time gave or contemplated giving indemnity to the plaintiff corporation which was the owner of those goods. The defendant contracted and intended to contract only with Geiger. It cannot be forced into a contract with the corporation under any pretense of reformation. Plaintiff urges that certain facts brought to the attention of the defendant's inspector upon his inspection of the premises led to the necessary inference that the business was being conducted by the corporation and not by Geiger individually. However this may be, the conclusive answer to the suggestion is that the knowledge of a mere inspector sent to examine the premises or the safe cannot be imputed to the company. *McCormack* v. *Security Mut. Life Ins. Co.*, 220 N. Y. 447. The sufficiency of plaintiff's books and records is not in issue. *Danerhirsch* v. *Travelers Indemnity Co.*, 202 App. Div. 207. There must be judgment for the defendant, with costs. The requests for findings have been passed upon. Settle decision on notice.

Judgment accordingly.