NORTHEASTERN SHARES CORPORATION, Respondent, v. INTERNATIONAL INSURANCE COMPANY OF NEW YORK, Appellant.

First Department, February 2, 1934.

*Abraham Kaplan* of counsel [*David A. Ticktin* and *Milton Adler* with him on the brief; *Powers, Kaplan & Berger*, attorneys], for the appellant.

*David Asch* of counsel [*Martin Conboy* and *William J. Butler* with him on the brief; *Martin Conboy*, attorney], for the respondent.

MERRELL, J. Plaintiff brought this action upon a policy of fire insurance issued by the defendant insuring one Emily M. Roller and legal representatives against loss by fire in the sum of $8,200.

The policy purported to insure the frame dwelling of Emily M. Roller, situate in "Town of Summer, County of Westchester, State of New York." As described in the policy the property intended to be insured was a frame dwelling "situate on road leading to Summer Dwelling, Pleasantville off Bronx River Parkway, Town of Summer, County of Westchester, State of New York." Neither at the time of the issuance of said policy nor at any other time did the insured, Mrs. Roller, own any frame building, as described in the policy. While the dwelling sought to be insured was, in fact, "off the Bronx River Parkway," the dwelling was situated "on the north side of the road leading from Purdy's Station to Somers, Town of Somers, County of Westchester, State of New York." Therefore, the description in the policy issued by the defendant was inaccurate in that the name "Somers," in which town the Roller dwelling was situated, was spelled "Summer," and in that the road upon which the house was situated was identified in the policy as "leading to Summer Dwelling, Pleasantville." Such description as situated it on the road "leading to Summer Dwelling, Pleasantville," was manifestly erroneous and misleading. The appellant insists that, under the terms of the policy, the building insured was located at Pleasantville, which is in the town of Mount Pleasant, and between which township and the township of Somers there intervened the township of New Castle. Mrs. Roller's house was destroyed by fire, and it was not discovered until after the complete destruction of her property that a mistake in description in the policy had been made. In the decision of the trial court the court found that the description in the policy was inserted by mistake, both on the part of Chelsea Bank and Trust Company, for whose benefit, as mortgagee, the insurance was taken out, and the defendant. For such mutual mistake the court decreed reformation so as to conform the policy to the true description of Mrs. Roller's dwelling, which was situated on the north side of the road leading from Purdy's Station to Somers, town of Somers, county of Westchester, State of New York.

The only issues involved upon this appeal are as to whether the misdescription was the result of a mutual mistake, and whether the failure of the plaintiff's assignor to discover the error prevents a recovery. I think the decision of the trial court is amply supported by the evidence, and that the words inserted in the policy describing the location of the building as "on road leading to Summer Dwelling, Pleasantville off Bronx River Parkway, Town of Summer," were inserted in the policy by a mutual mistake on the

part of both the Chelsea Bank and Trust Company and the defendant insurance company. There can be no question upon the evidence that both parties intended to effect insurance on a frame dwelling owned by Emily M. Roller in the town of Somers, Westchester county, N. Y. The representative of the defendant issuing the policy so testified. Both of the parties intended that the insurance should be at the rate provided in the policy, and which rate is the same without regard to whether the property was correctly or incorrectly described as to location in the policy. The only error was that in the policy the word " Somers " was spelled " Summer," and that the words " leading to Summer Dwelling, Pleasantville," were erroneously included. It is impossible to conceive that the misdescription could have been other than the result of a mutual mistake. Certainly the mortgagee, whose interest in its mortgage was to be protected, would not have inserted the wrong description of the property in the policy, and no claim is made that any fraud was committed by the defendant in misdescribing the property. If such a fraud were, in fact, committed by the defendant, that would be sufficient ground for reforming the policy. In the erroneous description in the policy it is stated as located in " Town of Summer." There is no such town. The court may take judicial notice of the location of the town of Somers, and also of the location of the road leading to Pleasantville, which is in the town of Mount Pleasant. (*Lowville & B. R. R. R. Co.* v. *Elliott,* 115 App. Div. 884; 101 N. Y. Supp. 328; affd., 196 N. Y. 545; *People* v. *Wood,* 131 id. 617, 619.) There can be no reasonable contention but that both parties to the policy intended to insure Mrs. Roller's dwelling house which was subsequently destroyed by fire. The error contained in the policy resulted from an error affecting both parties. The evidence was that Mrs. Roller owned but a single piece of property, and that that property was a dwelling located in the town of Somers, Westchester county, N. Y. Upon that property the Chelsea Bank and Trust Company held a mortgage. It was the only property of Mrs. Roller's upon which the Chelsea Bank and Trust Company held a mortgage. Therefore, in taking out this insurance with the defendant on Mrs. Roller's dwelling, the bank could not possibly have intended to insure any other property than her dwelling house in the town of Somers. Likewise, the evidence clearly shows that the defendant, in issuing its policy, intended to insure the property of Emily M. Roller on which the Chelsea Bank and Trust Company held a mortgage. The policy stated that the insured was Emily M. Roller, and that the mortgagee was Chelsea Bank and Trust Company " as interest may appear." There can be no doubt that both the insurer and

the insured believed the policy contained a correct description of the property intended to be insured. There is an abundance of authority in this State that under such a situation, where there has been a mutual mistake made by the parties to an insurance contract, a court of equity will correct the same and reform the contract. A leading case was that of *LeGendre* v. *Scottish Union & National Insurance Co.* (95 App. Div. 562). In that case, which is very similar in principle to the case at bar, Justice LAUGHLIN, writing the opinion for this court, said (at p. 564): " We regard this as a plain case for the reformation of the policy. It is manifest that the plaintiff intended to insure the property contained in his residence. He doubtless knew, although even that has not been shown, that his house was on the north instead of the south side of the road; and it is evident that the erroneous description in the policy locating his house on the south side of the road was, at least so far as he is concerned, the result of some inadvertence or mistake. The defendant, however, contends that there was no mistake on its part. It offered no evidence and, consequently, there is nothing but the facts already stated from which inferences on that subject may be drawn. If the defendant knew the true location of the plaintiff's house and with such knowledge issued its policy intending to describe the location erroneously, it was guilty of a fraud which would require the reformation of the contract; but the plaintiff does not charge fraud, and it is not ordinarily inferred where the evidence is susceptible of an interpretation consistent with innocence. Assuming, therefore, that the defendant meant to act in good faith and that it had no knowledge concerning the location of the property except that presented in the application, then it also labored under a mistake in describing the location of the property. Upon this assumption the defendant intended to insure the plaintiff's personal property contained in his residence. The policy correctly described the property and describes it as belonging to the plaintiff and being in his residence; but it erroneously states that the residence was on the *southerly* instead of on the *northerly* side of the highway. In supposing or believing that the plaintiff's residence was on the southerly side of the road the defendant was mistaken.

" Plaintiff intended to procure insurance upon the household property in his residence and that is the property the defendant intended to insure, but in reducing their agreement to writing the word ' southerly ' was erroneously inserted instead of the word ' northerly ' as indicating the location of the residence of the assured with reference to the highway. The case, therefore, falls within the doctrine of the authorities that where there was no mistake in the

agreement but merely a mistake in reducing it to writing the contract will be reformed. (*Pitcher* v. *Hennessey,* 48 N. Y. 415; *Maher* v. *Hibernia Ins. Co.,* 67 id. 283; *Hughes* v. *Mercantile Mutual Ins. Co.,* 55 id. 265; *Bush* v. *Hicks,* 60 id. 298; *Arend* v. *Laing,* 79 Hun, 203.)

" There is no force in the suggestion that since the plaintiff's agent represented to the defendant that the property was on the southerly side of the road it cannot be held liable for insurance on any property situated elsewhere. Located at this property was, it is evident that it made no difference, so far as the hazard is concerned, as to whether the property was on the north or the south side of the road. There is no estoppel. It does not appear that the defendant made any investigation or that it considered that there was any difference in the hazard depending upon which side of the road the property was, and if it did investigate it would have discovered the true location of the plaintiff's residence. Had it done so within a reasonable time and had there been any basis for claiming it had been misled to its prejudice, it might have rescinded the contract and returned the premiums; but having retained the premiums until after the fire it should not be heard to say that no property was insured."

To the same effect are the decisions of the Court of Appeals in *Bush* v. *Hicks* (60 N. Y. 298); *Maher* v. *Hibernia Ins. Co.* (67 id. 283), and *New York Ice Co.* v. *Northwestern Ins. Co.* (23 id. 357). (See, also, *Tomato Products Co., Inc.,* v. *Manufacturers' Liability Ins. Co.,* 203 App. Div. 678.)

It is contended by the appellant that the plaintiff's assignor was guilty of negligence in not discovering the mistake sooner. I do not think there is any sufficient evidence showing negligence on the part of the Chelsea Bank and Trust Company. In *Lewitt & Co., Inc.,* v. *Jewelers' Safety Fund Soc.* (249 N. Y. 217) the Court of Appeals quoted with approval from the opinion of Judge EARL in *Albany City Savings Inst.* v. *Burdick* (87 N. Y. 40, 46), as follows: " It has certainly never been announced as the law in this State that the mere omission to read or know the contents of a written instrument should bar any relief by way of a reformation of the instrument on account of mistake or fraud." In *Hay* v. *Star Fire Ins. Co.* (77 N. Y. 235), the Court of Appeals wrote as follows: " The negligence of the plaintiff in not discovering the change and *laches,* in not sooner seeking relief, are questions which make the propriety of granting relief in a given case, discretionary. The court below upon the findings of fact we think properly exercised its discretion in this case in granting relief. *Policies of fire insurance are rarely examined by the insured. The same degree of vigilance*

*and critical examination would not be expected or demanded as in the case of some other instruments."*

It is also contended by the appellant that the last sentence of the sixth finding of fact of the court, to the effect that at the time of making of the said agreement the defendant knew that said building to be insured was situated on the north side of the road leading from Purdy's Station to Somers, in the town of Somers, county of Westchester, State of New York, was unsupported by the evidence. While, in part, this may be true, yet it did appear that the defendant knew the building to be insured was in the town of Somers, Westchester county, N. Y. In any event such finding by the trial court was immaterial, as no fraud on the part of the insurance company is claimed by the plaintiff. Such finding could have had no possible effect upon the ultimate decision of the court, which was to the effect that there had been a mutual mistake of the parties in describing the property to be insured.

We think the judgment appealed from was correct, and fully justified by the evidence. It should be affirmed, with costs to plaintiff, respondent, against defendant, appellant.

FINCH, P. J., and GLENNON, J., concur; UNTERMYER and TOWNLEY, JJ., dissent and vote for reversal and a new trial.

UNTERMYER, J. (dissenting). In May, 1930, one Emily M. Roller was indebted to the Chelsea Bank and Trust Company upon her bond secured by a mortgage on her dwelling located " on the north side of the road leading from Purdy's Station to Somers, Town of Somers." In order to protect its interest as mortgagee, the bank instructed its insurance broker to insure this property against loss by fire. In doing so, however, it failed to transmit to the broker a description of the premises. The bank's broker, by telephone, communicated to the agent of the defendant insurance company a description of the premises, as follows: " situate on road leading to Summer Dwelling, Pleasantville off Bronx River Parkway, Town of Summer, County of Westchester, State of New York," and the description in this form was incorporated in the policy. The error, if any, in the description, it would seem, is attributable to the fact that the bank's broker took that description from a card in its office, which in turn corresponded to a description contained in an earlier policy of insurance issued by another company. In any event the evidence leaves no possible doubt that the defendant insurance company received the description from the agent of the bank and exactly in accordance with instructions so received inserted that description in the policy. There is no evidence that the insurance company was at all aware, or had reason to believe, that that

description was not correct. Upon receipt of the policy by the bank it was filed, without examination of the description, with the other papers relating to the Emily M. Roller mortgage loan. It also appears that Pleasantville is sixteen miles distant from the town of Somers.

A fire having occurred at the premises owned by Emily M. Roller, this action was brought by an assignee of the bank, and has been successfully maintained, for the reformation of the policy by striking therefrom the words "on road leading to Summer Dwelling, Pleasantville off Bronx River Parkway, Town of Summer," and substituting the words "on the north side of the road leading from Purdy's Station to Somers, Town of Somers," and for judgment against the defendant upon the policy as so reformed.

The findings disclose that the theory on which judgment in the plaintiff's favor was rendered by the trial court was that the alleged erroneous description of the property was the result of a mutual mistake of fact, for it is manifest that the plaintiff is not entitled to succeed unless the mistake was common to both parties to the instrument. If the bank intended to insure a dwelling situated in one locality and the defendant intended to insure a dwelling situated elsewhere, then the minds of the parties never met and there was no contract to be rectified. (*Salomon* v. *North British & M. Ins. Co.*, 215 N. Y. 214; *Bryce* v. *Lorillard Fire Ins. Co.*, 55 id. 240.) The record here establishes beyond dispute that the defendant wrote the policy precisely as it had been instructed to do and that it never intended to insure any property except as described therein. It is true that the defendant intended to insure a dwelling belonging to Emily M. Roller and that Emily M. Roller owned no other dwelling. But the defendant intended to insure that dwelling only in the location specified in the policy. That location constituted a warranty on which the insurer was entitled to rely. (*American Surety Co.* v. *Patriotic Assurance Co.*, 242 N. Y. 54.) We cannot convert the defendant's undertaking to insure premises owned by Emily M. Roller in a particular location into a contract of insurance of property differently located, even though the rate of insurance was the same, without doing violence to the defendant's right to determine for itself the location of property which it would insure. (*Mead* v. *Westchester Fire Ins. Co.*, 64 N. Y. 453.) To entitle the plaintiff to a reformation of the policy it would, therefore, be necessary to show that both parties had intended to insure the dwelling of Emily M. Roller, as correctly described, and that as the result of a mutual mistake an incorrect description was inserted in the policy. (*Lewitt & Co., Inc.,* v. *Jewelers' Safety Fund Soc.*, 249 N. Y. 217; *Maher* v. *Hibernia Ins. Co.*, 67 id. 283;

*New York Ice Co.* v. *Northwestern Ins. Co.*, 23 id. 357.) If the policy, properly construed, did not describe the property of Emily M. Roller in the town of Somers the court could not reform the policy to cover property which it did not include.

It is our opinion, therefore, that the judgment cannot be sustained on the theory on which it was rendered, and that in any event there must be a new trial. We think, however, that the complaint should not be dismissed on this appeal, but that a new trial should be ordered for the reason that the plaintiff may be able to establish that the description in the policy is susceptible of a construction which accords with the correct location of the premises. Those premises were situated in the town of Somers and to this town the description in the policy makes specific reference. It is possible that the " road leading to Summer Dwelling, Pleasantville off Bronx River Parkway," referred to in the policy, will be found to correspond to " the road leading from Purdy's Station to Somers " or it may be found that the description in the policy is so ambiguous as to require extrinsic evidence in explanation of the ambiguity, entitling the plaintiff to relief in equity. (*Maher* v. *Hibernia Ins. Co.*, *supra.*) The surrounding circumstances heretofore not adequately disclosed, including the location of the various roads, may thus show that the description in the policy, when properly explained, corresponds to the correct location of the premises.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

TOWNLEY, J., concurs.

Judgment affirmed, with costs.