■ G.E. CAPITAL MORTGAGE SERVICES, INC., et al., Respondents, v JUDA DASKAL et al., Defendants, and PIONEER INSURANCE CO., Appellant. [621 NYS2d 106] —In an action, inter alia, to recover the proceeds of a homeowner's insurance policy, the defendant Pioneer Insurance Company appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated June 21, 1993, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and granted the plaintiffs' cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On February 8, 1989, the defendant Juda Daskal purchased a single-family residence in Monsey, New York. Daskal's purchase of the premises was financed by a $166,500 mortgage loan from the plaintiffs' predecessor in interest, Fairmont Funding Ltd. As required by the terms of the mortgage, Daskal obtained a $200,000 homeowner's policy from the codefendant Pioneer Insurance Company (hereinafter Pioneer), which contained a mortgage clause obligating Pioneer, in the event of loss, to pay the mortgagee and the insured "as interests appear".

On January 7, 1990, the insured premises was damaged by fire, and Daskal thereafter submitted a timely claim to Pioneer and retained a public adjuster to negotiate a settlement on his behalf. Daskal did not, however, inform the plaintiff mortgagees of the fire, and he continued to make his monthly mortgage payments until March 1991. Meanwhile, in April 1990, when Pioneer remitted a $101,456.55 check jointly payable to Daskal and the predecessor of the plaintiff mortgagees to Daskal's insurance broker for distribution, Daskal allegedly forged the mortgagees' endorsement on the check and converted the proceeds. It is undisputed that Pioneer never advised the plaintiff mortgagees of the loss, or of its issuance of a settlement check to Daskal. It is also undisputed that the plaintiff mortgagees did not learn that fire had destroyed the premises until June 1991, one and one-half years after the loss.

On appeal, Pioneer concedes that the $101,456.55 check made jointly payable to Daskal and the plaintiff mortgagees cannot be deemed payment to the plaintiff mortgagees, and *that Pioneer thus failed to fulfill its contractual obligations to the plaintiff mortgagees.* Pioneer nevertheless contends, however, that the Supreme Court erred in denying its motion for summary judgment dismissing the complaint because the plaintiff mortgagees failed to commence this action within two years after the date of the loss, as is purportedly required by its policy of insurance. We disagree.

It has long been held that "the liability of an insurance company to a mortgagee is quite different from its liability to the owner, and * * * the provisions of the policy with respect to presentation of proof of loss, and with respect to the short Statute of Limitations, do not apply to the mortgagee" *(Salomon v North British & Mercantile Ins. Co.,* 150 App Div 728, 730; *Heilbrunn v German Alliance Ins. Co.,* 140 App Div 557,

*affd* 202 NY 610; *see also, Miller v Stuyvesant Ins. Co.,* 223 App Div 6). Moreover, while Pioneer submits that there are significant distinctions between the terms of its policy and the policies under consideration in the above-cited cases, the standard New York fire insurance policy provides, in relevant part, that where an insured fails to render proof of loss, a "mortgagee, *upon notice,* shall render proof of loss in the form herein specified within sixty (60) days thereafter *and shall be subject to the provisions hereof relating to appraisal and time of payment and of bringing suit"* (Insurance Law § 3404 [e]; emphasis added). This language indicates that the mortgagee will be subject to policy provisions relating to the "time * * * of bringing suit" only upon notification of the loss by the insurer. Although Insurance Law § 3404 (f) (1) (B) does permit an insurer, subject to the approval of the Superintendent of Insurance, to deviate from the language of the standard policy, "the provisions in relation to mortgagee interests and obligations in such standard fire policy" must be incorporated "without substantive change". Thus, to the extent that a policy deviates from the standard policy by containing terms less favorable to the mortgagee, "the policy is enforceable as if it conformed with the statut[e]" *(see, 1303 Webster Ave. Realty Corp. v Great Am. Surplus Lines Ins. Co.,* 63 NY2d 227, 231; Insurance Law § 3103 [a]). Consequently, we find that to the extent that Pioneer's policy purports to require a mortgagee to bring suit within two years of the date of loss rather than within two years after it has been notified of the loss by the insurer, it is inconsistent with the statute and should not be enforced. We further note that the contrary conclusion urged by Pioneer would permit the mortgagor's concealment of the loss, and Pioneer's own failure to notify the plaintiff mortgagees of the claim, to unreasonably shorten the plaintiff mortgagees' time to bring suit and thus impermissibly defeat the plaintiff mortgagees' rights under the policy. Bracken, J. P., Balletta, Friedmann and Krausman, JJ., concur.