[679 NYS2d 665]

PAUL PTASZNIK, Respondent, v RUBIN SCHULTZ et al., Appellants.

Second Department, November 9, 1998

---

**APPEARANCES OF COUNSEL**

*Gary Schultz,* New York City, appellant *pro se,* and for remaining appellants.

*Sweeney, Gallo & Reich,* Sunnyside (*Michael H. Reich* and *Meryl H. Gorelick* of counsel), for respondent.

**OPINION OF THE COURT**

ROSENBLATT, J.

At trial, the primary question for the jury was whether the plaintiff's decedent gave the defendants certain sums of money by way of loan, as the plaintiff claimed, or by way of gift, as the defendants claimed. During his summation, the plaintiff's attorney stated that the deceased could, in effect, "speak to us" and, over the defendants' objection, read to the jury the contents of an affidavit of the deceased in which the deceased characterized the moneys as loaned. The affidavit had been in the Supreme Court's file, but had not been marked or introduced into evidence before the summations. During deliberations, the jury asked to see the affidavit. The court permitted the affidavit, marked as a "court exhibit", to be given to the jury.

■ The jury found that the decedent had loaned the defendants the moneys. The defendants assert that admission of the affidavit constitutes reversible error. The plaintiff responds that it was proper for the court to take "judicial notice" of the affidavit, as it was part of the court's file. We hold that the court erred in admitting the affidavit, and because the error may not be considered harmless, reversal and a new trial is required.

Judicial notice of law is covered under CPLR 4511. Judicial notice of adjudicative-type facts, however, has long been a matter of decisional law. The test is whether the fact rests upon knowledge or sources so widely accepted and unimpeachable that it need not be evidentiarily proven (*Hunter v New York, Ontario & W. R. R. Co.,* 116 NY 615). The most obvious il-

lustrations are matters such as calendar dates (*Mars Assocs. v New York City Educ. Constr. Fund,* 126 AD2d 178, 183), and such unassailably established facts as, for example, geographical locations (*Northeastern Shares Corp. v International Ins. Co.,* 240 App Div 80, *affd* 265 NY 574) or sunrise times (*People v McCray,* 61 AD2d 860; *see generally,* 9 Wigmore, Evidence § 2565, at 694 [Chadbourn rev ed]).

In some instances, and under certain circumstances, undisputed portions of court files or official records, such as prior orders or kindred documents, may be judicially noticed (*e.g., Matter of Allcity Ins. Co. [Kondak],* 66 AD2d 531, 533; *People v Singleton,* 36 AD2d 725; *People ex rel. Bloom v Collins,* 277 App Div 21, 23, *affd* 302 NY 603; *cf., Sleasman v Sherwood,* 212 AD2d 868, 870). No authoritative case has ever held, however, that an item may be considered and weighed by the finder of fact merely because the item, however unauthenticated and unreliable it may be, happened to repose in the court's file. Polygraph test results, for example, that are otherwise inadmissible (*e.g., Matter of Sowa v Looney,* 23 NY2d 329) are not rendered admissible merely because they happen to be part of the paperwork filed with the court.

Several opinions in other jurisdictions have aptly and repeatedly commented on the seemingly widespread but mistaken notion that an item is judicially noticeable merely because it is part of the "court file" (*see, Sosinsky v Grant,* 6 Cal App 4th 1548, 1564, 8 Cal Rptr 2d 552, 561; *Bach v McNelis,* 207 Cal App 3d 852, 864, 255 Cal Rptr 232, 238; *Milton v State,* 429 So 2d 804, 805 [Fla]). Court files are often replete with letters, affidavits, legal briefs, privileged or confidential data, in camera materials, fingerprint records, probation reports, as well as depositions that may contain unredacted gossip and all manner of hearsay and opinion. Accordingly, we reject the plaintiff's argument that the affidavit in question was admissible as a judicially noticeable court record (*see, Matter of Crater Club v Adirondack Park Agency,* 86 AD2d 714, *affd* 57 NY2d 990; *see also, Ernst v Child & Youth Servs.,* 108 F3d 486, 498-499, *cert denied* 522 US 850; *Hinton v Department of Justice,* 844 F2d 126, 130, n 1 [3d Cir 1988]; *see generally,* 8 Carmody Wait 2d, NY Prac § 56:31).

■■ On another point, we find that the court did not err in precluding the defendants from testifying as to their communications with the decedent regarding whether the money he gave to them was a gift or a loan (*see, Matter of Wood,* 52 NY2d 139). We also find that Rubin Schultz' wife, Shirley,

should not be held liable to the estate for any part of the $90,000 given by the decedent solely to her husband. The defendants' remaining contentions are without merit. Accordingly, the judgment is reversed, on the law, with costs, the complaint is dismissed insofar as asserted against the defendant Shirley Schultz, the action against the remaining defendants is severed, and a new trial is granted to the plaintiffs against the defendants Rubin Schultz, Gary Schultz, and Jeanne Schultz.

MANGANO, P. J., RITTER and ALTMAN, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, the complaint is dismissed insofar as it is asserted against the defendant Shirley Schultz, the action against the remaining defendants is severed, and the matter is remitted for a new trial as to the defendants Rubin Schultz, Gary Schultz, and Jeanne Schultz only.