■ FLORENCE ATTANASIO et al., Respondents, v WILLIAM MORRISON et al., Appellants. [723 NYS2d 679] —In an action, *inter alia*, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 14, 2000, which denied their motion to dismiss the complaint and granted the plaintiffs' cross motion for summary judgment, and (2) a judgment of the same court, entered May 16, 2000, which, upon the order, is in favor of the plaintiffs and against them in the principal sum of $26,634. The notice of appeal from the order dated February 14, 2000, is also deemed to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the order is modified by deleting the provision thereof granting the cross motion and substituting therefor a provision denying the cross motion.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly denied the defendants' motion to dismiss the complaint (*cf., 805 Third Ave. Co. v M.W. Realty Assocs.,* 58 NY2d 447; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636). However, the Supreme Court should have denied

the plaintiffs' cross motion for summary judgment since they failed to sustain their burden as the moving party of demonstrating that the defendants breached a provision of the subject lease (*see,* CPLR 3212 [b]).

The defendants' remaining contention is without merit (*see, Ptasznik v Schultz,* 247 AD2d 197). Santucci, J. P., Florio, H. Miller and Schmidt, JJ., concur.